BAKER *v.* BEERS.

To constitute a conversion of goods there must be some repudiation by the defendant of the owner's right, or some exercise of dominion over them by him inconsistent with such right.

TROVER, for twelve tons of hay; tried by the court. The court found for the plaintiff, and the defendant excepted.

*C. A. Dole*, for the defendant.    The evidence of conversion consisted in (1) forbidding the sale by the officer at the time and place first appointed; (2) and on two or three occasions, after the execution sale, notifying the plaintiff that he must not remove the hay, and claiming that he, the defendant, bought the hay of the plaintiff with the farm.

It seems to be a complete answer to the first to say that it was no conversion, as the case shows that at a subsequent date the sale was consummated, and the plaintiff bought the hay, and until he bought it he had no interest in the hay which would enable him to maintain trover for it.

As to the second, the hay was sold November 15, 1878.    About three weeks prior to that date, to wit, October 24, the defendant leased the farm to Bosworth, and sold to him all his interest in the hay.    At the time the plaintiff bought the hay Bosworth was in possession of the farm, and the hay was left in Bosworth's charge by the plaintiff, or at least in his possession, and he, Bosworth, used the hay before the next spring.    Neither the defendant's forbidding the sale at the time and place first appointed by the officer, nor his selling his interest in the hay to Bosworth, amounts to a conversion, because November 15 the officer had full possession of the hay, and sold it to the plaintiff, thus transferring the full possession to him.    The officer's return must be conclusive upon the point, that he then had full control and possession of the property; and, indeed, it is not understood that there is or was any claim to the contrary.    The case finds that after October 24 there was no evidence that the defendant was in possession of the farm, or that he sold, moved, or in any way meddled with the hay, except as above stated; so he could not have been in possession of the hay at the times when he notified the plaintiff that he must not remove it; and this the plaintiff knew, or might have known if he had inquired of the party in possession of the farm, and in whose possession, as we say, he left the hay.    He made no demand upon Bosworth, the party in possession of the farm and barns.

So we submit with confidence that merely forbidding the owner to remove his property which is in possession of a third party, and especially where the property was left by the owner in the possession of such third party, is not exercising such a dominion over the property as would enable the owner to maintain trover against the party thus forbidding him; and the fact that he stated that he bought the property of the owner at a prior date will not change the case.

*E. D. Baker*, for the plaintiff.    A deed of a farm does not convey any title to hay harvested and stored in the barn on such farm.

A wrongful sale of another's goods is a conversion of them; and though the custody of them remain unaltered, yet the delivery of

the documentary evidence of title and the receipt of the value completes the act of conversion. 2 Greenl. Ev., *s.* 642. The sale of property to a third party without right constitutes conversion. *Philbrook* v. *Eaton*, 134 Mass. 398. Assuming to one's self the property, and the right of disposing of another man's goods, is a conversion. *Gilman* v. *Hill*, 36 N. H. 311, 324.

The owner of personal property may maintain an action for its conversion by proof that the defendant has previously refused to deliver it to any person who had a right to demand it, although the plaintiff was not then the owner of it. *Delano* v. *Curtis*, 7 Allen 470.

SMITH, J. August 17, 1878, the plaintiff conveyed by quitclaim deed the Bosworth farm to the defendant, the deed containing no special reservation of any hay, or the right to remove any. October 24, 1878, W. O. Bosworth and others conveyed the Bosworth farm to the defendant, not reserving any hay, or the right to remove any. On the same day, by an agreement in writing, with provisions by which Bosworth might be entitled to a deed of the farm, the defendant leased the farm to Bosworth, who was then in the occupation of it, and sold to him all his interest in the hay thereon. July 29, 1878, the plaintiff attached all the hay in the two barns on the Bosworth farm, as the property of Bosworth, on a writ against Bosworth and others, the officer leaving a copy of the writ and of his return with the town-clerk. The plaintiff recovered judgment and took out execution October 9, 1878; and October 18 the officer advertised the hay in the south barn for sale. At the time and place advertised the defendant attended, and forbade the sale by the officer. The sale was thereupon adjourned from time to time until November 15, 1878, when the old hay and one undivided half of the new hay in the south barn was sold by the officer to the plaintiff. On two or three occasions after the execution sale, the defendant notified the plaintiff that he must not remove the hay, claiming that he had bought it of the plaintiff with the farm. These conversations occurred away from the farm. The defendant was not in possession of the farm after October 24, 1878, and did not after that date sell, move, use, or in any way meddle with the hay except as above stated. Bosworth used the hay before the next spring. The plaintiff never personally demanded it of any one in possession of the farm or barns.

The question on these facts is, whether there was evidence from which it was competent to find a conversion of the hay by the defendant. It having been lawfully attached, the officer had constructive possession of it, equivalent in law to actual possession, until the sale. *Johnson* v. *Farr*, 60 N. H. 426. The attachment gave the plaintiff no title to the property, and no right to it or to its possession. It gave him a statutory lien upon it, with the right to hold Bosworth's interest in the property at the time of the

attachment to satisfy his debt, provided he should obtain judgment, and should seasonably sue out execution and cause the officer to take the hay and apply its avails in satisfaction of the judgment. If the defendant's act in forbidding the sale was a conversion, it gave the officer a cause of action; but it was not assignable, and the plaintiff cannot rely upon a conversion which took place before he acquired a title to the property. *Tome* v. *Dubois*, 6 Wall. 548, 554. But the purchase of the hay by the plaintiff from the officer who had the legal custody of it gave him a good title to it, and the right to its immediate possession. Delivery of the hay by the officer was not necessary to constitute a valid sale. The legal right to the possession drew to it the possession. *Balme* v. *Hutton*, 9 Bing. 471, 477.

As the defendant is not liable to the plaintiff by reason of anything he did in regard to the hay before the sale, the question then is, whether the notification to the plaintiff after the sale not to remove it, accompanied with a claim by the defendant that he bought it with the farm, was evidence of a conversion. Any distinct act of dominion wrongfully exerted over another's property in denial of his right, or inconsistent with it, is a conversion. It is not necessary that there should be a manual taking of the property. If the wrong-doer exercises a dominion over it in exclusion or defiance of the owner's right, whether it be for his own or another's use, it is in law a conversion. Cooley Torts 448; 2 Greenl. Ev., *s.* 642. *Evans* v. *Mason*, 64 N. H. 98. "The very denial of goods to him that has a right to demand them is an actual conversion, and not only evidence of it, as has been holden; for what is a conversion but an assuming upon one's self the property and right of disposing of another's goods? And he that takes upon himself to detain another man's goods from him without cause, takes upon himself the right of disposing of them." *Holt*, C. J., in *Baldwin* v. *Cole*, 6 Mod. 212.

Although the defendant did not have the possession of the hay after the sale, or the right to control the movements of Bosworth, there was evidence that both understood after the sale that Bosworth was authorized by the defendant as vendor to use the hay, and that was a conversion by the defendant. He had sold it for a price to Bosworth. His claiming that he bought it of the plaintiff, and his forbidding the plaintiff to remove it, then in the actual possession of Bosworth, was evidence from which it was competent to find that his purpose was to enable his vendee to consume the hay, and that, for the purpose of this case, its conversion by his vendee, authorized by the vendor, was the act of the vendor. In authorizing and aiding Bosworth to convert it to his own use he became liable to the plaintiff in trover. *Flanders* v. *Colby*, 28 N. H. 34. When several join in the conversion, trover will lie against either of them. *Pattee* v. *Gilmore*, 18 N. H. 460. There

was evidence from which it was competent to find a conversion by the defendant.

Exceptions overruled.

BLODGETT, J., did not sit; the others concurred.