## EVANS *v.* MASON.

To constitute a conversion of chattels, there must be some exercise of dominion over the property in repudiation of, or inconsistent with, the owner's rights.

Mere delay, by the bailee of a horse hired to drive to and from a place named without stopping, is not sufficient evidence of a conversion.

TROVER, for a horse and harness. The plaintiff's evidence tended to prove that the defendant, a minor, hired the plaintiff's horse, wagon, and harness to carry a woman from Swanzey to a certain house in Keene, and then to return directly back to Swanzey without stopping; that he carried the woman to the place named, drove thence on the direct route towards Swanzey to a stable, where he waited half an hour for a friend, upon whose arrival he ordered the horse to be fed, and went with his friend to the depot; that in a few minutes the stable took fire, and the horse and harness were burned. The defendant objected that there was no evidence of a conversion.

*D. H. Woodward*, for the plaintiff.

*Batchelder & Faulkner*, for the defendant.

CARPENTER, J. To constitute a conversion of chattels there must be some exercise of dominion over the property in repudiation of, or inconsistent with, the owner's rights. *Heald* v. *Carey*, 11 C. B. 977; Cooley Torts 448; *Hyde* v. *Noble*, 13 N. H. 499; *Johnson* v. *Farr*, 60 N. H. 426. It is not every wrongful inter-

meddling with, asportation, or detention of another's goods that amounts to a conversion. Acts which of themselves imply an assertion of title to, or a right of dominion over, another's property, as a sale, letting, or destruction of it, may be a conversion, although the defendant has honestly mistaken his rights ; but acts which do not of themselves imply such assertion of title or right of dominion will not sustain an action of trover unless they are done with the intention of depriving the owner permanently or temporarily of the property. *Spooner* v. *Manchester*, 133 Mass. 273 ; *Fouldes* v. *Willoughby*, 8 M. & W. 540. Nonfeasance, acts of negligence, or the breach of a contract, standing alone, will not in general effect a conversion. *Bowlin* v. *Nye*, 10 Cush. 416 ; *Heald* v. *Carey*, 11 C. B. 977 ; *Wentworth* v. *McDuffie*, 48 N. H. 402 ; *Eaton* v. *Hill*, 50 N. H. 235 ; *Woodman* v. *Hubbard*, 25 N. H. 67.

The only misconduct of the defendant here complained of is his delay, or non-action. This of itself was not inconsistent with a full recognition by the defendant of the plaintiff's title and right of dominion, and it is accompanied with no evidence tending to show an intention on the part of the defendant to deprive the plaintiff of his title or dominion, either permanently or temporarily. It was at most a mere breach of the contract. Standing alone, it no more tends to prove a purpose to deprive the plaintiff of his property, than would a neglect to feed the horse as he had agreed, or a refusal to pay the contract price for its use. The delay cannot be declared, as matter of law, to be even a breach of the contract. The language of the agreement must be so construed as to effectuate the understanding and intention of the parties. They did not understand that stopping to water or feed the horse, to mend the broken wagon or harness, or a stopping required by reasonable necessity for any purpose, would be a violation of the contract. Whether a delay of half an hour, awaiting the arrival of a friend, was under all the circumstances reasonably necessary, is a question of fact.

Upon the evidence reported, the jury could not properly find a conversion, and there must be

*Judgment for the defendant.*

BINGHAM, J., did not sit : the others concurred.