BROWN *v.* ELA.

A distinct act of dominion wrongfully exerted over another's goods in denial of his right, or inconsistent with it, is evidence of a conversion.

TROVER, for twelve tons of hay. Facts found by a referee. In the spring of 1886 the defendant leased to the plaintiff by parol his farm in Allenstown for the term of five years from April 1, 1886. It was a part of the agreement that the hay crop be divided equally between the parties, but to be spent on the farm, the plaintiff having the right to sell a portion of his share provided he should put an amount of fertilizers on the farm equal to the amount which the hay sold would make, or should bring to the farm an equivalent in feed for the hay sold. The lease was terminated at the end of a year by mutual consent, and the plaintiff left the premises.

In October, 1886, the hay was divided by the plaintiff, with the knowledge of and without objection from the defendant, who after the division recognized it, and the plaintiff thereby became the absolute owner of a divided half, subject to the restriction that it be fed out upon the farm. When the plaintiff left the farm he left twelve tons of hay, part of his half, which he attempted to sell to be used off the farm. The defendant declined to assent to the sale, and after the plaintiff left instructed his employé to feed his cattle from the plaintiff's hay. A portion of it was fed out to the defendant's stock, and the balance, with the barn, was burned in September, 1887. Upon the foregoing facts the referee found a conversion by the defendant of the whole twelve tons, and assessed the plaintiff's damages at $180; and the defendant excepted.

*Sylvester Dana*, for the defendant.

*Streeter, Walker & Chase,* for the plaintiff.

SMITH, J. The defendant knew of the division of the hay, made no objection to it, and after it was made recognized it. From these facts it was competent for the referee to find that the plaintiff became the owner of a divided half, subject to the restriction that it was to be consumed upon the farm, or to be replaced by an equivalent in feed or by an amount of fertilizers equal to what would be made by the hay sold.

The defendant's direction to his employé to feed his cattle from the plaintiff's hay was an act of dominion wrongfully exerted over the plaintiff's property, inconsistent with his right. It is not necessary, in order to constitute a conversion, that there should be a manual taking of property. *Baker* v. *Beers,* 64 N. H. 102, 105; *Evans* v. *Mason,* 64 N. H. 98, and authorities cited. In this case there was a manual taking of two tons of the hay, and the evidence was sufficient from which to find a conversion of the whole. The plaintiff is entitled to judgment for $180 and interest.

*Exception overruled.*

ALLEN, J., did not sit: the others concurred.