Rockingham, }
   Dec., 1899. }

## WESTERN UNION TELEGRAPH CO. *v.* FRANKLIN CONSTRUCTION CO. & a.

A party who exercises dominion over property inconsistent with the owner's right, and one who, having received it from the original wrongdoer, holds it as his own, are severally liable therefor in an action of trover.

This court will not decide a question involving the construction of a federal statute, in the absence of an express adjudication thereof by the supreme court of the United States.

TROVER, for converting wire, and TRESPASS, for destroying poles and wire. Facts agreed. In 1868 the plaintiffs constructed a telegraph line in the highway from Hampton to Hampton beach, but its location was not authorized by the selectmen of the town, as required by law. June 5, 1867, the Telegraph Company duly filed with the postmaster-general a written acceptance of the restrictions and obligations required by the act of congress approved July 24, 1866.

The Exeter Street Railway Company were empowered by their charter to extend their track over Hampton Road, and the selectmen of the towns through which the road was to be built were to lay out the road in like manner as highways are laid out and " determine the distance at which the track shall be laid from the sidetracks or footpaths." The railroad track was laid out accordingly, in such a way that some of the plaintiffs' poles interfered with running cars. It would have been practicable to locate it so that there would be no interference with the plaintiffs' poles and wires. May 24, 1897, the Telegraph Company were notified by the selectmen to remove such poles as would interfere with the passage of cars, but the Telegraph Company refused to comply. The Franklin Construction Company built the railroad for the Exeter Street Railway Company, and, in so doing, took some of the plaintiffs' wire and used it as guys for the trolley wire of the railroad. This wire was not so situated as to cause any interference with the construction or operation of the railroad track. The Construction Company also cut down some poles and wire which were so located as to interfere with the running of cars, and left them beside the road.

*Streeter, Walker & Hollis*, for the plaintiffs.

*Edwin G. Eastman*, for the defendants.

PIKE, J. The use of the plaintiffs' wire in the construction of the defendants' road was such an exercise of dominion over it as to constitute a conversion (*Evans* v. *Mason*, 64 N. H. 98 ; *Baker* v. *Beers*, 64 N. H. 102, 105), and the plaintiffs are entitled to judgment therefor. Both defendants are liable, — the Construction Company for appropriating it in the construction of the road, and the railroad company for receiving and holding it as their own. *Dotey* v. *Hawkins*, 6 N. H. 247, 249 ; *Hyde* v. *Noble*, 13 N. H. 494, 499 ; *Lovejoy* v. *Jones*, 30 N. H. 164, 169 ; *Cooper* v. *Newman*, 45 N. H. 339, 342 ; *Farley* v. *Lincoln*, 51 N. H. 577, 580; *Gould* v. *Blodgett*, 61 N. H. 115, 121.

The count in trespass for cutting down the poles and wire which interfered with the operation of the railway raises a federal question involving the construction of a United States statute, and its consideration here would be of little practical value. *Patten* v. *Cilley*, 67 N. H. 520, 525 ; *Bartlett* v. *Blair*, 68 N. H. 232. In the absence of express adjudication by the supreme court of the United States in cases like the present, judgment is ordered for the defendants.

*Case discharged.*

BLODGETT, C. J., and YOUNG, J., did not sit: the others concurred.