Grafton,  }
Dec. 7, 1909. }

### KNAPP v. GUYER.

A written order for the delivery of property, made by one who has neither title nor right of possession, is an assertion of dominion inconsistent with the owner's right and constitutes a conversion.

In a civil action to recover damages for a wrongful interference with property, the intent with which the defendant acted is immaterial.

Where an assertion of dominion over property is wrongful, the owner may maintain trover without a previous demand.

TROVER, for 5,875 pounds of potatoes. Trial by the court and verdict for the plaintiff, to which the defendant excepted. Transferred from the March term, 1909, of the superior court by *Chamberlin*, J.

The plaintiff is a farmer at Piermont, and the defendant is a merchant at Hanover. In May, 1908, W. E. Blood, an innkeeper at Hanover, was in financial difficulties. He desired to purchase one hundred bushels of potatoes, intending to use most of them himself and to sell the remainder, and arranged with the defendant for the shipment of potatoes to Hanover in the latter's name. Blood called at the plaintiff's farm, purchased one hundred bushels of potatoes, informed the plaintiff that the purchase was for Guyer, paid $10 and took a receipt therefor in his own name, and directed that the potatoes be billed to the defendant. Shipment was made in accordance with Blood's instructions. When the potatoes arrived at their destination, the station agent notified the defendant, who replied that he was not expecting potatoes and did not know about them. Shortly thereafter Blood called at the station and inquired for the potatoes, and was informed that they were billed to the defendant. He thereupon left the station, but soon returned with an order written and signed by the defendant, directing the delivery of the potatoes to Blood. The order was complied with and Blood took possession of the potatoes, which were immediately attached by his creditors and held for his debts. Blood had no authority from the defendant to purchase potatoes in his name, and the latter derived no benefit from the transaction. He merely acted for the accommodation of Blood, and permitted the shipment of potatoes as above stated.

*Hosford & Wright*, for the plaintiff.

*Scott Sloane*, for the defendant.

BINGHAM, J.    It is clear from the facts found that the plaintiff did not sell the property in question to the defendant, although he billed it to him upon the representation of Blood that the defendant was the purchaser.    It is equally clear that he did not sell it to Blood, and that in delivering it to the railroad, billed to the defendant, he parted with the possession, but not with his title and right of possession.    Having the title and right of possession at the time that the defendant gave the order to the railroad to deliver the property to Blood, the order was an act in itself implying an assertion of title or right of dominion over the property, inconsistent with the plaintiff's title and right of possession, and was in law a wrongful act and a conversion.    *Brown* v. *Ela,* ✔ 67 N. H. 110, 111; *Baker* v. *Beers,* 64 N. H. 102, 105; *Evans* v. *Mason,* 64 N. H. 98, 99.

If the defendant could be said to have honestly mistaken his rights, that fact would be of no consequence in this case.    " The defendant's act in assuming dominion over the property was none the less an invasion of the plaintiff's right . . . because he did not intend a wrong, or know that he was committing one. An encroachment upon a legal right must constitute a legal wrong; and it is familiar law, that intention is of no account in a civil action brought by one man to recover damage for a wrongful interference with his property by another.    The law gives the plaintiff compensation for the injury he has sustained, whether the defendant intended such injury or not."    *Farley* v. *Lincoln,* 51 N. H. 577, 579.    At any rate, the purpose or intention of the defendant would become material only when the act done would not in itself imply an assertion of title or right of dominion. *Evans* v. *Mason,* 64 N. H. 98, 99.

The original act of the defendant in asserting dominion over the property being wrongful, a demand was not necessary.    *Porell* v. *Cavanaugh,* 69 N. H. 364, 366; *Farley* v. *Lincoln,* 51 N. H. 577, 581; *Bartlett* v. *Hoyt,* 33 N. H. 151, 169.

*Exception overruled.*

All concurred.