Coös,
Nov. 6, 1917.

### GEORGE H. JONES *v.* SAMUEL STONE.

An act of dominion over the property of another, inconsistent with his ownership, is a conversion.

A requested instruction based upon part only of the evidence material thereto is properly denied.

TROVER, for household furniture &c. Trial by jury and verdict for the plaintiff. The evidence tended to prove that the plaintiff conveyed a farm to the defendant February 22, 1916, it being understood that the plaintiff was to remove his personal property from the premises on or before April first, next. The plaintiff, owning the locks upon the barns where the property was stored, did not deliver to the defendant possession of these barns, but retained the keys. Within a few weeks after the conveyance, the plaintiff removed some of his property from the barns. Thereafter, the defendant cut out and removed the plaintiff's locks from the barns, and put on his

own locks. About March 21, 1916, after the locks had been changed, the plaintiff went to the premises to remove all his property. Upon his arrival, the defendant forbade his coming upon the premises, directed him to leave his team in the road, and refused to deliver the plaintiff's goods to him unless the plaintiff would give him a release from a debt which the plaintiff claimed was due him. This the plaintiff refused to do, demanded his property, and went away without it.

The defendant's evidence tended to show that a few days theretofore he had gone into one of the barns and removed property purchased of the plaintiff; and that the defendant thereupon had heard that the plaintiff accused him of breaking into the premises and stealing the property; that the defendant had refused to permit the plaintiff to enter and take away his property unless the plaintiff would give him, the defendant, a receipt containing an agreement not to prosecute him for larceny.

Before action was brought, the defendant notified the plaintiff: "I give you just two weeks from date to come and settle with me and remove your stuff."

The defendant requested the court to charge the jury that "if they find that the defendant did not absolutely and unconditionally refuse to give up the goods to plaintiff and after a conditional refusal to give them up, and before suit, he offered to give them up, then there is no evidence of a conversion and their verdict must be for the defendant." This request was denied and the defendant excepted. Transferred from the December term, 1916, of the superior court, by *Chamberlin*, J.

*Sullivan & Daley*, with whom was *Ira W. Thayer* for the plaintiff.

*Jesse F. Libby* and *Matthew J. Ryan*, for the defendant.

PLUMMER, J. It was not error for the court to refuse to give the instructions requested by the defendant. Such instructions would leave out of consideration the vital fact in the case, which could be found from the evidence, namely, the cutting out and removing by the defendant of the plaintiff's locks upon the premises, and substituting locks of his own in place thereof. This was an act of dominion over the plaintiff's property in denial of and inconsistent with his ownership, and was, therefore, a conversion of the property. *Evans* v. *Mason*, 64 N. H. 98; *Baker* v. *Beers*, 64 N. H. 102; *Porell*

v. *Cavanaugh*, 69 N. H. 364; *Knapp* v. *Guyer*, 75 N. H. 397. The act of the defendant, being a conversion, was sufficient upon which to ground the action of trover without a demand and refusal. "A demand and a refusal are only evidence of a conversion, and a demand is only necessary when the circumstances as shown in evidence do not of themselves amount to an actual conversion." *Porell* v. *Cavanaugh, supra.* If there had been no evidence in the case that the defendant cut out and removed the plaintiff's locks from the barns, and put on locks of his own, then it might have been proper to have given the requested instructions; but the evidence was ample to warrant the jury in finding that the defendant committed these acts which constituted a conversion, and therefore it would have been error to have given the instructions.

*Exception overruled.*

All concurred.