FORD vs. FORD, ADM'R.

In actions of Trover, as well as in Replevin and Detinue, the period of limitation is three years, not five as held in *Ryburn vs. Pryor*, 14 *Ark.* 519, which is overruled.

*Appeal from Prairie Circuit Court.*

Hon. JOHN J. CLENDENIN, Circuit Judge.

HEMPSTEAD, for the appellant.

JORDAN, for the appellee.

Mr. Justice FAIRCHILD delivered the opinion of the court.

To an action of trover the defendant pleaded the statute of limitations of three years, which, on motion of the plaintiff, the court struck from the files.

This is the second, but the main objection to the proceedings of the court below, for which its judgment is asked to be reversed.

The simple question presented for our consideration is whether the action of trover is subject to the limitation of three or five years.

The 10*th section of chapter* 106 *of Gould's Digest*, in enumerating what actions shall be brought within three years from the accrual of the cause of action, has this clause: "fifth, all actions for taking or injuring any goods or chattels."

This court has decided that actions of replevin and detinue fall within this provision. *Payne vs. Bruton*, 5 *Eng.* 57; *Sullivan vs. Hadley*, 16 *Ark.* 149, 152.

Although trover does not complain of the violent taking or forcible injury of chattels, it does allege their conversion as an injury to the plaintiff; and any recovery that is had in the action is for that injury, it being estimated at the value of the thing converted.

It is as much an action for the taking of chattels as are replevin in the detinet and detinue, and is a concurrent remedy with them for the detention of chattels, which is injurious to the owner. It is a concurrent remedy with trespass for the taking of personal property, though it is distinguished from it in waiving damages for the mere taking, and from detinue and replevin in the detinet, in that it does not seek to recover the thing detained, but its value.

But in all the elementary books it is classed with these actions as an action founded upon wrong done by the defendant.

We think the same period of limitations should attach to trover, as to the actions of replevin and detinue; that three years has properly been held to be the limitation applicable to them, by our statute: that the action of trover is embraced within the fifth clause of the 10th section of our present limitation law,

and that *Ryburn vs. Pryor*, 14 *Ark.* 519, announcing five years to be the term of limitations for actions of trover, is erronous and ought to be overruled.

The judgment the Circuit Court of Prairie county is reversed, with instructions to allow the plea of three years limitations to be re-instated, and to overrule the motion to strike it from the record.