## WOOLFORK *v.* BUCKNER.

Opinion delivered January 12, 1895.

1. *Tax-sale—Notice.*
   A tax title based upon a sale made without legal notice is void.

2. *Constructive possession—Void tax-deed.*
   The holder of a void tax-deed, not in actual possession, has no such constructive possession as will cause the statute of limitations to run in his favor.

3. *Limitation—Recovery of lands sold for taxes.*
   *It seems* that two years adverse possession of land by a tax-purchaser is sufficient, under Mansf. Dig., sec. 4475, to bar its recovery by the former owner, though such possession was under a tax-deed void on its face.

Appeal from Chicot Circuit Court.

CARROLL D. WOOD, Judge.

### STATEMENT BY THE COURT.

This suit was brought by the appellant to recover the NE. $\frac{1}{4}$ of the NW. $\frac{1}{4}$ of section 7, township 14 S., range 3 W., which the appellee had in possession, and claimed to own under the seven-years statute of limitations. The appellant also sought to recover the W. $\frac{1}{2}$ of the NE. $\frac{1}{4}$ of section 7, and the SE. $\frac{1}{4}$ of the NE. $\frac{1}{4}$ of section 8, both in township 14 S., range 3 W., which the appellee claimed to own under purchases at tax sale for the taxes of 1877; and set up the two-years statute of limitation (section 4475, Mansf. Dig., and section 4816, Sand. & H. Dig.)

The appellant showed in evidence title deeds from

the State to his vendors, connecting him with the original entry of the lands. The appellee read in evidence his tax-deeds for the two pieces claimed under tax-purchases, which were apparently regular, and *prima facie* evidences of title, having introduced these in lieu of a deed showing the lands to have been sold together, to which exceptions had been sustained.

There was evidence showing that the appellee and his vendors had had more than seven years' adverse possession of the twelve acres of the NE. ¼ of the NW. ¼ of section 7, township 14 S., range 3 W. There was evidence in the testimony of the clerk of Chicot county, where the lands are situate, that there was no notice of the tax-sale under which the two pieces were claimed to have been purchased. The clerk testified that "the list of lands returned as delinquent for the taxes of the year 1877 was delivered by him to the publisher of the Lake Shore Sentinel to be published; that he had the same set up in the paper, and (it) was published once, but not in time for the first notice; and the publisher got on a spree, and had merely the date of the paper changed, and had the paper thus changed partly published, and then entirely failed to publish said delinquent list as required by law." It was also shown by the testimony of Mark Valentine, an attorney at law, that "there was no legal or proper notice of the sale given."

The court found for the appellant as to the NE. ¼ of NW. ¼ of section 7, except twelve acres, claimed under the seven years statute of limitations, which was awarded to the appellee; and for the appellee as to the other lands; and judgment was rendered accordingly, the cause having been tried by the court sitting as a jury, by consent of the parties.

The appellant seeks to reverse this judgment, so far as it is in favor of the appellee, by this appeal.

*D. H. Reynolds* and *John B. Jones* for appellant.

1.　The tax-deed showed that both tracts were sold together, and the sale was therefore void.　31 Ark., 314; *ib.* 491; 29 *id.* 476; 30 *id.* 579.

2.　The sale was not advertised as required by law, and the collector had no power to sell.　30 Ark. 739; 55 *id.* 192; 42 *id.* 87.

3.　There is no proof of two years actual possession.　Every presumption is in favor of the owner of the original title.　35 Wis. 241.　But the tax-deed was void on its face, and could not start the statute of limitations, even if defendant had shown two years actual possession.　132 U. S. 239; 3 T. B. Mon. 161; 23 Tex. 46; 43 Ia. 191.

*John C. Connerly* and *R. A. Buckner* for appellee.

1.　The proof of two years adverse actual possession is ample, and this court will not disturb the finding.

2.　The proof only shows that no advertisement was made in *full* accordance with law.　But sec. 5782 Mansf. Dig. prohibits a clerk's deed from being attacked for such defect.　See also 55 Ark. 192 and Mansf. Dig. secs. 5780-1-2.

3.　The appellant is barred by the two years statute.　46 Ark. 96; 53 *id.* 418; Mansf. Dig. secs. 4475, 5782.

HUGHES, J., (after stating the facts.)

The evidence is clear that the appellee and those under whom he claims had obtained title to the twelve acres awarded him in the judgment of the court, in the NW. corner of the NE. ¼ of the NW. ¼ of section 7, township 14 S., range 3 W.

The tax titles relied upon by the appellee were void for want of notice of the tax-sale.

1. Tax-sale void for want of notice.

Without actual possession by appellee, there was no possession by him, as constructive possession follows

2. No constructive possession under void tax-deed.

the title when there is no actual adverse possession—
"*possessio pedis.*"   *Gates* v. *Kelsey*, 57 Ark. 523.

The appellant should have had a judgment for the recovery of the two tracts claimed by the appellee under the tax-purchases.

As to these pieces claimed under the tax-purchases, the judgment is reversed, and the cause remanded for a new trial. As to the other lands involved herein, the judgment of the circuit court is affirmed.

3. Limitation for recovery of land sold for taxes.

The appellee received a tax-deed in the first instance, showing that the two pieces of land purchased by him were sold together, which would, of course, make the sale void. He afterwards received a deed for each tract, correcting the error in the first deed. The appellant contends that, the first deed being void upon its face, the two years statute of limitations would not run in favor of one in possession under a tax purchase of which such a deed was sought to be made the evidence. In this we think the able and learned counsel for appellant are in error. In the case of *Cofer* v. *Brooks*, 20 Ark. 543, objection was urged to tax-deeds that, being void upon their faces, they could not afford any protection, under the five years special statute of limitation. Upon this question the court said : "It is insisted for the appellant, that the court below erred in admitting the tax-deeds offered in evidence by the appellee, because they failed to show regular and valid tax-sales, and were void etc. Without discussing the numerous objections made to the deeds, most of which are verbal criticisms, it may be conceded, for the purposes of this case, that their recitals fail to show regular and valid tax-sales, and that the deeds are void, yet it was competent for the appellee to introduce them, in connection with the evidence of his actual and continuous posssession of the land for the full period of limitation, to defeat the action of the appellant, as held in *Elliott et al*

v. *Pearce*, (22 Ark. 508), at the present term.   It is true, as stated by the counsel for appellant, that in *Moore* v. *Brown*, 14 McLean's R. 211, Judge McLean held that a tax-deed void upon its face could not avail a person who sets up a defense under the statute of limitations of Illinois.   And the decision was sustained by a majority of the judges of the Supreme Court of the United States (S. C. 11 How. 414), Chief Justice Taney, Mr. Justice Catron and Mr. Justice Grier dissenting.   But in *Pillow* v. *Roberts*, 13 How. 472, it was held that the decision referred to was based upon a construction of the statutes of Illinois, and that under our statute tax-deeds, even if irregular and worthless, are admissible in evidence, in connection with proof of possession, in order to establish a defense."

The statute under consideration in the case at bar is section 4475 of Mansf. Dig. (sec. 4819, Sand. & H. Dig.), and is as follows :   "No action for the recovery of any lands, or for the possession thereof against any person or persons, their heirs or assigns, who may hold such lands by virtue of a purchase thereof at a sale by the collector, or commissioner of State lands, for the non-payment of taxes, or who may have purchased the same from the State, by virtue of any act providing for the sale of lands forfeited to the State for the non-payment of taxes, or who may hold such lands under a donation deed from the State, shall be maintained, unless it appear that the plaintiff, his ancestor, predecessor or grantor, was seized or possessed of the lands within two years next before the commencement of such suit or action."

In discussing this statute in *Gates* v. *Kelsey*, 57 Ark. 526, this court said, through Judge Battle : "In the States where the statutes of limitations require actions to be brought within a certain time after a particular act, as the day of sale or record, the statutes are

generally held to commence running, if they have any effect, according to their words. *Kessinger* v. *Wilson*, 53 Ark. 406, 410. Under all other statutes the period of limitation begins at the time the cause of action accrues ; and as to land it does not accrue until there is an adverse possession. The rightful owner is deemed to be in possession until he is ousted or disseized. Possession follows the title, in the absence of any actual possession adverse to it. *Ringo* v. *Woodruff*, 43 Ark. 485 ; *Bradley* v. *West*, 60 Mo. 40 ; *Clarke* v. *Courtney*, 5 Pet. 319 ; *Peyton* v. *Smith*, *id.* 493 ; *Barrett* v. *Love*, 48 Iowa, 115." Referring to the statute, the opinion proceeds : "No date, as the day of sale or record, is specified from which it must run. There is only one fact mentioned in it which can defeat the recovery of land illegally sold for taxes, and that is the fact that the plaintiff, his ancestor, predecessor or grantor was not seeized or possessed of the lands in question within two years next before the commencement of such suit or action. The statute necessarily implies that, if he was seized or possessed within the two years, he can recover. In other words it makes the disseizure and dispossession of the true owner for two consecutive years a bar. It is the only fact, under the statute, which can defeat him in an action to recover. There is nothing in the statute which constitutes any act a disseizin. The general rule governs, and possession follows the title. There is only one way in which he can be disseized or dispossessed by an illegal sale for taxes, and that is (by) adverse possession. Two years adverse possession is, therefore, necessary to constitute a bar under the two years statute." It will be perceived that it follows from this case that it is the two years adverse possession only under a purchase of lands sold for taxes that bars the action for recovery, and that the statute begins to run from the time when there is a disseizure and dispossession of the

true owner, which, of course, cannot commence until the period for redemption expires, and that the bar of statute was complete if two years elapsed before suit, whether the tax-deeds under which the lands were claimed were void upon their faces or not, and we so hold. While the determination of this question, though presented in the case, was not necessary to the decision of the case, we thought it proper to decide it now, in view of a new trial in the court below.

Wood, J., being disqualified, did not sit in this case.