OZARK LAND COMPANY *v.* LANE—BODLEY COMPANY.

Opinion delivered October 9, 1897.

JUDGMENT—ESTOPPEL.—Where a suit is brought to reform the description of land in a mortgage, a finding of the court concerning certain chattels conveyed by the same mortgage will not preclude the parties from subsequently litigating their rights with reference thereto. (Page 303.)

STATUTE OF LIMITATIONS—CONVERSION OF MORTGAGED CHATTEL.—The statute of limitations begins to run in favor of one who purchases mortgaged chattels from the time he took possession under claim of absolute ownership. (Page 304.)

Appeal from Greene Circuit Court.

W. S. LUNA, Special Judge.

On December 29, 1894, the Lane-Bodley Company sued the Ozark Land Company to recover certain portable machinery. The answer consisted of a denial of plaintiff's ownership and of a plea of the three-years statute of limitation.

The following state of facts was in evidence. In 1887, J. W. Leonard executed a mortgage to plaintiff, conveying the property sued for herein, together with the land on which it was situated. In 1889 plaintiff brought suit against Leonard to foreclose the mortgage, and obtained a decree ordering a sale. Upon discovering that the land was wrongly described in the mortgage, plaintiff in 1890 brought suit against Leonard to reform the mortgage as to the land, and in December, 1892, procured the defendant company to be made a party, upon an allegation that it had become interested in such land. The decree in the second suit was to the effect that defendant company purchased the land for a valuable consideration, with-

out any knowledge that the plaintiff company had procured a mortgage upon it, but that it had notice that Leonard was not owner of the machinery conveyed by the mortgage.

M. F. Collier testified that in March, 1891, he took charge of the property in controversy for the appellant, who was then in possession of it, and claimed and used it until it was burned down in the summer of 1894; that it had refused to deliver possession of it, and had had it in an inclosure belonging to it since March, 1891, and was then in possession of it.

The court, at plaintiff's instance, gave the following instructions to the jury:

"2.   With reference to the ownership of the property, the court instructs you that, under the court papers and decrees introduced in evidence in this case, the defendant is estopped to deny the title of the plaintiff to the property, or to assert title in itself or another in the property; and hence the court instructs you that you may take the title of the plaintiff in the property as proved.

"3.   If, therefore, the jury find from the evidence that the defendant came into possession of the property in controversy by buying the land on which it stood from J. W. Leonard, and, while in possession, filed an answer in this court in the case of Lane-Bodley Co. *v.* Ozark Land Co. and Leonard, in which answer it denied the right of the plaintiff to the property, and asserted itself to be the owner thereof, this would constitute a conversion of the property to its own use; and, if you find such facts from a preponderance of the evidence, you will find for the plaintiff, and assess its damages at the value of the property at the time the defendant filed such answer; and the fact that the property may have since that time depreciated in value, or been destroyed by fire or otherwise, without fault of the defendant, is no defense, and is not to be considered by the jury in mitigation of damages; nor is it a defense that the defendant acted in good faith and honestly in claiming title."

Judgment was for plaintiff, and defendant has appealed.

*J. C. Hawthorne*, for appellants.

Three years of exclusive adverse possession by the appellant vested title in it (22 Ark. 104), notwithstanding the

action to reform the mortgage.   28 S. W. 1017; 63 N. W. 583; 41 N. E. 616; 43 N. E. 367; 37 S. W. 501.   Appellant converted property when it commenced using it.   34 Ark. 427.

*Block & Sullivan*, for appellee.

The appellant is estopped by decree in the action to reform to dispute the title of the appellee.   19 Ark. 420; 41 Ark. 75; 57 Ark. 106; 36 N. W. 891; 14 N. Y. 329.   Statute begins to run from that decree.   9 N. E. 332; 27 *id.* 58.   Possession is not adverse until there is some overt act or declaration of hostility to title.   43 Ark. 504; 44 *id.* 29; Jones, Chat. Mortg. 454; 57 Mass. 314; 30 *id.* 294; 143 *id.* 281; 57 N. Y. 28; 64 *id.* 550; 19 Pac. 246; 53 N. W. 202.   *Whittington* v. *Flint*, 43 Ark. 504, overrules *Sullivan* v. *Hadley*, 16 *id.* 144.

BATTLE, J.   The circuit court erred in giving the instruction numbered 2 at the instance of the plaintiff.   In that instruction the court told the jury that the defendant in this action was estopped by the decrees admitted as evidence from denying the title of the plaintiff to the property in controversy. Only two decrees were admitted.   The first was rendered in an action in which the defendant, the Ozark Land Company, was not a party; and the other was rendered in a case in which the object was to reform a mortgage as to the description of land. and the property involved in this action was not in controversy. It was not estopped by either decree from claiming the property,

The third instruction given by the court was also erroneous, and was prejudicial to the defendant.   In it the court instructed the jury to return a verdict in favor of the plaintiff, if they find from the evidence that the defendant, the Ozark Land Company, while in possession of the property in controversy, filed an answer in "Lane-Bodley Co. *v.* Ozark Land Co. and Leonard," and therein denied the right of the plaintiff thereto, and claimed it as its own.   Lane-Bodley Co. *v.* Ozark Land Co. was the action in which the second decree referred to in the second instruction was rendered, and was instituted for the sole purpose of correcting a mortgage as to the description of land.   The same error is repeated in it as was committed in the second; and it is erroneous for the additional reason that it ignored the three-years statute of limitations, which was

pleaded in the defendant's answer, and withdrew from the consideration of the jury the testimony of the witness Collier, who testified that the defendant was in possession of the property in controversy in March, 1891, and was then claiming and using it as its own, and withheld from their consideration the additional fact that this action was instituted on the 29th day of December, 1894, more than three years after the evidence showed that the defendant first claimed and used the property.

The plaintiff claimed the property under a mortgage executed to it by J. W. Leonard, and a foreclosure of the same. In 1891 Leonard had no right to sell or dispose of it without the consent of the plaintiff. If it belonged to Leonard at the execution of the mortgage, the legal title vested in the plaintiff. If, therefore, the land company claimed it without qualification, and used it in 1891, it thereby asserted that it owned and had title to the same in defiance and exclusion of the rights of plaintiff, and was guilty of a conversion, if plaintiff was the owner. This claim and assertion of right and conversion was further shown by the demand of possession of the property by plaintiff in October, 1893, and the refusal of the defendant to comply with the demand. The court should not have excluded the evidence as to conversion in 1891 from the consideration of the jury. The defendant had pleaded the three-years statute of limitations, and was entitled to have the same considered by the jury in connection with that plea. The third instruction was erroneous and prejudicial to the appellant, because it denied to it this right.

Reversed and remanded for a new trial.

Wood and Riddick. JJ., dissented on the ground that the evidence clearly shows that the conversion of the property owned by appellee occurred within three years next before the commencement of the action, and that therefore the action is not barred, and there was no prejudicial error.