| 67 | 411 |
| d71 | 393 |
| 67 | 411 |
| 76 | 450 |
| 67 | 411 |
| d79 | 199 |
| 81 | 261 |

WOOLFOLK *v.* BUCKNER.

Opinion delivered February 3, 1900.

STATUTE OF LIMITATIONS—TAX LANDS.—A purchaser of land under a void tax title will acquire title, under the two years' statute of limitation (Sand. & H. Dig., ¿ 4819), only to so much of the land as he has held in his actual and adverse possession for the requisite period; the constructive possession of so much of the land as is unoccupied being in the holder of the legal title. (Page 412.)

Appeal from Chicot Circuit Court.

MARCUS L. HAWKINS, Judge.

*D. H. Reynolds* and *Jno. B. Jones*, for appellant.

Appellant has the rightful tittle to the land in controversy, and appellee's tax-title is void. 60 Ark. 163. Appellee had no constructive possession of the land. Tied. Real Prop. § 696; 57 Ark. 527; 60 Ark. 163. Disseizin, by election of the owner to so treat it for the purpose of an ejectment suit, does not create such an adverse possession as will ripen to good title. Tied. Real Prop. §§ 698, 695, 693.

*Jno. C. Connerly* and *R. A. Buckner*, for appellee.

A void tax deed, coupled with actual possession for two years, becomes a good title by limitation.

HUGHES, J. This suit was brought by appellant to recover certain lands described in his complaint. There was judgment for the appellee, and the judgment was reversed, and, upon a retrial of the cause in the court below, there was judgment for appellee again, and the case is here now on a second appeal. The title to the lands was originally in the appellant, and he had possession. The appellee claims under a void tax title and two years' adverse possession, relying upon section 4475 of Mansfield's Digest (Sand. & H. Dig., § 4819), and former decisions of this court holding that two years' adverse

possession under a void tax sale will bar recovery by the former owner.

On the trial the court announced, in effect, in its instructions to the jury, that the occupation by the appellee of a part of the lands, under his tax deed, gave him possession of the whole of the lands described in his tax deed, except such as were actually occupied by the owner of the original title. This was error for which the cause must be reversed.

The appellant was the owner of the original title. As to this there is no dispute. The appellee claimed under a tax title, which on the former appeal in this cause was held to be void. *Woolfork* v. *Buckner*, 60 Ark. 163. In this case in 60 Ark. 163, this court said: "The rightful owner is deemed to be in possession until he is ousted or disseized. Possession follows the title, in the absence of any actual possession adverse to it. * * * There is only one way in which he [the owner] can be dispossessed or disseized by an illegal tax sale, and that is by actual adverse possession." Seizin and possession are treated as synonymous, meaning that possession which is held under claim of title. There cannot, however, be more than one seizin, and when therefore two persons, one holding the legal title, and the other claiming under a void deed, are in actual possession, he has the seizin who can show good title. Tiedeman on Real Property, §§ 693, 695 and 698.

If the original owner of the legal title was in constructive possession because he had the legal title, how could the claimant under the void tax title have the constructive possession at the same time? To so hold would be to give to possession under a void tax title more legal effect than to possession under a valid legal title—to give to the mere shadow more force than to the legal title. This cannot be. It would amount to an absurdity.

For the error indicated, the judgment is reversed, and the cause is remanded for a new trial.