HARDIE *v.* INVESTMENT GUARANTY & TRUST COMPANY, LIMITED.

Opinion delivered December 17, 1906.

REAL PROPERTY—CONSTRUCTIVE POSSESSION.—Constructive possession of land follows the title until there has been an invasion of the possession of the rightful owner by actual occupancy of at least a part of the tract; and actual occupancy of part of a contiguous tract owned by another does not oust the constructive possession of the true owner, even though both tracts be described in the same instrument.

Appeal from Chicot Chancery Court; *Marcus L. Hawkins,* Chancellor; reversed.

*Baldy Vinson,* for appellants.

*W. G. Streett,* for appellee.

McCULLOCH, J. Appellee instituted this suit in equity against appellants, William T. Hardie and Cincinnati Cooperage

Company, to quiet its title to a tract of land in Chicot County, to cancel the deeds under which appellants claim title, and to restrain the last-named appellant from cutting and removing timber. Appellants filed their answer and cross-complaint, in which they deny that appellee had any title to the land, and in which they deraigned title from the United States. They prayed that their title be sustained, and that possession be awarded.

It is expressly admitted that appellants have a complete chain of title from the United States, and appellee asserts title only by adverse possession for the statutory period of limitation under color of title.

The land in controversy was wild and unimproved until about a year before the commencement of this suit, when appellee took actual possession and placed tenants upon it. More than seven years before the commencement of this suit appellee received a deed from one W. D. Hill for several contiguous tracts, containing in the aggregate 3,394 acres, including the tract in controversy, and took actual possession of a portion of said land, claiming title to the whole. As already stated, actual possession of the tract in controversy was not taken until a short time before the commencement of this suit, nor was actual possession taken of any of the lands of appellants.

Appellee claims constructive possession by virtue of actual occupancy of an adjoining tract embraced in the same deed of conveyance. The facts of the case bring it squarely within the doctrine laid down in *Haggart* v. *Ranney*, 73 Ark. 344, that "constructive possession follows the title until there has been an invasion of this possession of the rightful owner by an actual occupancy of at least a part of the tract, and an actual occupancy of a part of a contiguous tract owned by another does not oust the constructive possession of the true owner, even though both tracts be described in the same instrument."

Other questions are argued by appellants as grounds for reversal, but as this is decisive of the case we need not discuss the others.

Reversed and remanded with directions to dismiss the complaint for want of equity, and to enter a decree in favor of appellants, in accordance with the prayer of the cross-complaint, quieting their title to the land in controversy and awarding possession thereof.