ARNOLD *v.* CHAS. T. ABELES & COMPANY.

Opinion delivered March 20, 1911.

1. PUBLIC LANDS—PRESUMPTION IN FAVOR OF LAND COMMISSIONER'S DEED.— A deed executed by the Commissioner of State Lands conveying lands forfeited to the State for nonpayment of taxes is *prima facie* evidence of title in the purchaser. (Page 369.)

2. COVENANT OF WARRANTY—BREACH.—To charge a grantor upon a covenant of warranty in the case of wild and unimproved land, actual eviction is unnecessary, as a paramount title carries possession with it, amounting to a constructive eviction. (Page 369.)

3. ADVERSE POSSESSION—ADJOINING TRACTS.—One who takes actual possession of one of two adjoining tracts of land under a deed conveying both of them does not acquire constructive possession of the other tract, though it is unoccupied, if the legal title to the two tracts are in different persons. (Page 369.)

Appeal from Pulaski Circuit Court, Second Division; *F. Guy Fulk,.* Judge; affirmed.

STATEMENT BY THE COURT.

Appellee brought this suit against appellants to recover damages for a breach of a covenant contained in a deed executed by appellants to appellee, conveying the timber on a certain 160 acres of land. The complaint alleges that the land in question is wild and unimproved, and that the Southern Lumber Company has a superior title to said land, and refused to permit appellee to remove the timber therefrom.

Appellants admitted the execution of the deed and the covenant of warranty, but denied the eviction, or that the title of the Southern Lumber Company was a superior one, and denied a breach of warranty. The facts, so far as they are pertinent to the issues involved, may be briefly stated as follows: On June 26, 1902, appellants by their warranty deed conveyed to appellee the timber on the lands in question, being described as follows: the northwest quarter of section 12, township 11 south, range 5 west, in Drew County, Arkansas. During the trial of the cause it was conceded that appellants had title to the west half of the northwest quarter of said section 12, and this left in question the title to the east half of northwest quarter of said section 12.

Chas. T. Abeles testified that appellee was a corporation organized and doing business under the laws of the State of Arkan-

sas.   That it established a sawmill near the lands in question for
the purpose of sawing the timber removed therefrom as well as
from other lands owned by it.   That the Southern Lumber Com-
pany claimed title to the lands and forbade appellee from cutting
and removing any timber or trees therefrom.   That, upon inves-
tigation, appellee ascertained that the title to said lands was in
the Southern Lumber Company, and notified appellants of that
fact, and requested them to obtain the title for it.   That appel-
lants failed and refused to get title from the Southern Lumber
Company, claiming that they already had title thereto.   That
subsequently appellee bought the timber from the Southern Lum-
ber Company.

On the 9th day of December, 1857, J. C. Griffing received a
patent to the west half of section 12, township 11 south, range
5 west.   The east half of the northwest quarter of section 12,
township 11 south, range 5 west, was forfeited to the State for
the nonpayment of taxes for the year 1867.   On the 10th day of
April, 1882, the State of Arkansas conveyed same to M. W. Ben-
jamin.   The Southern Lumber Company deraigns title to said
land by mesne conveyances from M. W. Benjamin.   It also de-
raigns title from some of the heirs of J. C. Griffing, but the views
we shall hereinafter express make it unnecessary to consider this.

Appellants deraign title from the heirs of J. C. Griffing by
deed made by them in 1888.   They deny that appellee or its
agents notified them that the title to said lands was in the South-
ern Lumber Company, or requested them to obtain title from it.
Other facts will be referred to in the opinion.

By agreement the case was tried before the court sitting as a
jury.   Certain findings of fact and declarations of law were
made by the court and reduced to writing.

The court rendered judgment for appellee, and appellant by
this appeal seeks to reverse that judgment.

*Vaughan & Vaughan,* for appellants.

*Morris M. Cohn,* for appellee.

HART, J., (after stating the facts).   From the statement of
fact, it is readily apparent that the title to the lands in question
was in the Southern Lumber Company at the time it stopped
appellee from cutting and removing the timber therefrom.   The

lands were forfeited to the State for the nonpayment of taxes while they were owned by J. C. Griffing. After the period for redemption had expired, they were purchased from the State by M. W. Benjamin; and he obtained a deed therefor from the Commissioner of State Lands. The commissioner's deed was *prima facie* evidence of title to the purchaser. *Cracraft* v. *Meyer,* 76 Ark. 450; Kirby's Dig., § 4806. Appellants have not attempted in any way to overcome this presumption of title in Benjamin, and the Southern Lumber Company deraigns title from him.

In 1888 the heirs of J. C. Griffing conveyed the lands to the grantors of appellants; and we hold that they had no title to convey because the land had previously been forfeited to the State for the nonpayment of taxes. It follows that the legal title to said lands was in the Southern Lumber Company and its grantors at the time appellants conveyed the timber on the same to appellee.

The evidence sustains the finding of the court that the lands were wild and unimproved, and the Southern Lumber Company, having the legal title to the land, had the right to the possession of it.

In the case of *Seldon* v. *Dudley E. Jones Co.,* 74 Ark. 348, the court held that where land is wild and unimproved actual eviction is not necessary; that "the possession follows the legal title, and a paramount title carries possession with it, amounting to a constructive eviction."

Counsel for appellants claim that the deed to Bell, one of their grantors, conveyed to him the whole of the west half of section 12, and that Bell went into actual possession of a part of it under color of title to the whole, and must be presumed to have been in the actual possession of the entire half section. It is true that one of the witnesses for appellant does testify that there were five or six acres enclosed on the extreme western side of the northwest quarter of section 12, and that Bell went into possession of it in 1888.

It is conceded that the title to the west half of the northwest quarter, section 12, at that time was in Bell; but the title to the east half of the northwest quarter of section 12 at that time was in the grantors of the Southern Lumber Company. In the case of *St. Louis, I. M. & S. Ry. Co.* v. *Moore,* 83 Ark. 377, the court said: "When one takes possession of one of two adjoining tracts

of land under a deed conveying both tracts to him, if the actual title to the two tracts are in different persons, his actual possession of one tract will not give constructive possession of the other so as to oust the owner of that tract. The reason for this is that in such a case the possession of one tract is no notice to the owner of the other tract that his land is claimed adversely. If the law was otherwise, one by buying a small tract and taking a deed conveying the adjacent unimproved lands with the tract bought might, by taking possession of the tract bought, become constructively in the possession of the land without any visible act to notify the owners thereof of such adverse claim."

Moreover, both the testimony for appellants and appellee shows that the east half of the northwest quarter of section 12, being the land the title to which is in controversy, is wild and unimproved land, and the evidence adduced by appellee tends to show that the whole of the northwest quarter of section 12 was wild and unimproved land. The court, sitting as a jury, found for appellee, and the finding will not be disturbed on appeal.

The judgment will be affirmed.