## THORNTON *v.* McDONALD.

Opinion delivered December 22, 1924.

ADVERSE POSSESSION—CONSTRUCTIVE POSSESSION.—Where, under a deed conveying four adjacent lots, the grantee took actual possession of two of the lots and held same adversely for more than seven years, the other two lots being unoccupied, his constructive adverse possession includes the two unoccupied lots.

Appeal from Union Chancery Court, Second Division; *George M. LeCroy,* Judge; affirmed.

*Geo. R. Haynie,* for appellant.

To justify a decree of reformation the evidence must be clear and convincing. 66 Ark. 155. Mere preponderance of the evidence is not enough. 82 Ark. 234; 89 Ark. 313; 84 Ark. 352; 83 Ark. 132. To maintain title by limitation, there must be actual, open, visible, notorious and continuous possession under claim of title for the full period of limitation. There must be no abandonment. 49 Ark. 266. There must be proof of adverse possession for the required time. 45 Ark. 89. Valid requirements from those having title require no statute to support them. 133 Ark. 593; 97 Ark. 35; 43 Ark. 469; 135 Ark. 321. Possession follows title, in the absence of any actual possession adverse to it. 60 Ark. 163; 43 Ark. 469; 73 Ark. 344.

*Mahony, Yocum & Saye* and *J. N. Saye,* for appellee.

WOOD, J. This action was begun by the appellants as trustees of the Methodist Episcopal Church South at Smackover, Union County, Arkansas, against the appellees to recover the possession of the east half of lot 1, block 47, of said town. Appellants alleged that, on the 21st of October, 1899, the lot mentioned was conveyed by warranty deed from E. L. Murph and wife to J. W. Young and F. V. McDonald, the then trustees of the church; that the trustees immediately entered into possession and held continuous possession until the month of September, 1922, when the appellees took possession, without right, of subdivision lots 3, 4, 5 and 6 of lot 1, block 47, above mentioned, and were claiming to be the

owners and entitled to the possession thereof. Appellants prayed for possession and for damages for wrongful detention.

The appellees answered and denied all the allegations of the complaint, and alleged that there was a mistake in the description of the land conveyed in the said deed from Murph and wife to the trustees mentioned; that the church, through its trustees, purchased from Murph and wife only the east half of subdivision lots 1 and 2 of lot 1, block 47, and that it was the mutual intent of the parties that the deed should cover only those lots. The appellees further alleged that, in 1909, Murph and wife conveyed to Dekalb McDonald, by warranty deed, the east half of subdivision lots 3, 4, 5 and 6 in lot 1, block 47, which deed was duly filed for record; that Murph and wife had sold to McDonald the lots mentioned in 1905, and that he went into possession of the lots in that year, although the deed was not obtained until 1909; that he and his successors had been in the actual, open, notorious and adverse possession thereof and paid taxes thereon since the year 1905. Appellees alleged the transfer by McDonald to the other appellees and asked for a confirmation of the title in the appellees.

Three separate actions were begun in the circuit court, and the causes, on motion of the appellees, were transferred to the chancery court, where the same were consolidated for hearing. The appellees, by stipulation, admitted that the deed was executed by Murph and wife to the trustees of the church, as alleged in the complaint. The court heard the cause upon the pleadings, documentary evidence, and the testimony of witnesses taken *ore tenus* before the court, which testimony was afterwards reduced to writing, duly authenticated, and brought into the record. The court found generally in favor of the appellees, and entered a decree in their favor, from which decree is this appeal.

We find it unnecessary to discuss the issue as to whether there was a mutual mistake between Murph and wife and the trustees of the church, by which Murph

and wife conveyed the E½ of lot 1, block 47, in the town of Smackover, Arkansas, instead of the E½ of subdivision lots 1 and 2 in the east half of lot 1, block 47, as contended by the appellees. For, conceding without deciding that there was no mutual mistake in this deed, nevertheless we find that the appellees have acquired title to the lots in controversy by the seven years' statute of limitation. The testimony of the appellees on the issue of the statute of limitation is substantially as follows:

D. McDonald testified that he purchased the lots in controversy from Murph in 1907. He fenced the property before Murph and wife executed the deed. Murph at the time was living in Smackover, and witness got the lots from him, and about that time Murph moved to Junction City, and told witness he would make the deed, and he did make the same after he got to Junction City. The deed was executed August 23, 1909, and duly recorded on July 15, 1910. Witness built his house on some of the lots, and the other he fenced and used as a pasture. The fence didn't include all of lots 3 and 4. He supposed there were 25 or 30 feet between his fence and the E½ of lots 1 and 2. Witness had always claimed the property as his own, and used the same as a pasture. At the time he fenced the property he didn't know who the trustees of the church at Smackover were. They raised no objection to witness' fencing the property, and laid no claim to the property prior to the institution of the suit. At the time the deed was executed in 1909 the lots were worth approximately $2.50 or $3 each. At the time of the institution of this suit the lots had increased in value, on account of the discovery of oil in the vicinity of Smackover, till their reasonable value was $300 each. The first fence witness built around the property remained there until the oil boom. The first fence was a plank fence, and when it rotted down it was replaced by one of woven wire. When the boom came, witness tore the fence away and opened up all streets and alleys he had fenced.

Tax receipts were in evidence showing that D. McDonald had paid the taxes on the E½ of lots 3 and 4, and on 5 and 6 of lot 1, block 47, from 1909 to 1922, inclusive.

There is a sharp conflict in the testimony of the witnesses as to the boundaries of appellees' inclosure under his deed from Murph. The appellants contend, and the testimony of R. H. and G. M. Cannon was positively to the effect, that D. McDonald's fence was on the line between lots 4 and 5, and therefore only inclosed lots 5 and 6 of the lands embraced in his deed from Murph, leaving lots 3 and 4 embraced in the deed uninclosed, with no improvements on them. On the other hand, the testimony of the witnesses for the appellees tended to prove that D. McDonald's fence inclosed all of subdivision lot 4 and a portion of subdivision lot 3 of lot 1, block 47, town of Smackover. The lots were 25x75 feet, and the church building occupied the center of subdivision lots 1 and 2 of lot 1, block 47. The building was 39x40 feet. The church had never placed an inclosure around the E½ of lot 1, block 47, and the space covered by the church building is the only visible manifestation of adverse occupancy. There is no testimony tending to prove that the church had ever inclosed subdivision lots 3 and 4 and lots 5 and 6 of lot 1, block 47, town of Smackover. Such being the facts in the case, the law applicable to these facts clearly places the title to the lots in controversy in the appellees by limitation.

As to lots 5 and 6 of the land in controversy, the testimony is undisputed that they had been inclosed by D. McDonald since 1907, and that he had been in the actual, open, continuous, and adverse possession of these lots since that time. If it be conceded that Murph had no legal title to the lots in controversy at the time he conveyed the same to McDonald, nevertheless his deed embraced lots 5 and 6 and subdivision lots 3 and 4 of lot 1, block 47, in the town of Smackover. McDonald went into possession of lots 5 and 6, as the undisputed proof shows, by inclosing the same as a pasture, and his actual pos-

session of lots 5 and 6 would give him constructive possession of subdivision lots 3 and 4, as they, too, were included in his deed from Murph. See *Fletcher* v. *Joseph,* 105 Ark. 646; *Johnson* v. *Elder,* 92 Ark. 30; *Snow* v. *State,* 85 Ark. 203; *Van Etten* v. *Daugherty,* 83 Ark. 534. See also *Morehead* v. *Dyer,* 134 Ark. 548; *Hargis* v. *Lawrence,* 135 Ark. 321; *Carter* v. *Stewart,* 149 Ark. 189.

Conceding that the church had legal title to the lands in controversy at the time Murph executed his deed to McDonald, and that, as such owner, it had actual possession of subdivision lots 1 and 2, on which the church was built, and constructive possession as the owner of all of lot 1, block 47, town of Smackover, nevertheless the deed from Murph to McDonald and the actual possession by him thereunder of lots 5 and 6 was an actual invasion and possession adverse to the rights of the church, and carried with it, under the rule stated, constructive possession to lots 3 and 4. *Ringo* v. *Woodruff,* 43 Ark. 469; *Woolfolk* v. *Buckner,* 60 Ark. 163; *Haggart* v. *Raney,* 73 Ark. 344; *Hardy* v. *Investment Guaranty Co., Ltd.,* 81 Ark. 141.

The case of *Hargis* v. *Lawrence, supra,* upon which the appellants rely, under the facts as we view them, does not support their contention, but is rather an authority against them. There Hargis was claiming two small tracts under a deed to an entire tract of land of which these smaller tracts were a part. Those who claimed the small tracts had entered into possession of a part of those tracts, and thus had constructive possession of all of the small tracts, whereas Hargis had never taken actual possession of either of the small tracts nor any part of the entire tract which included them, and did not hold adversely to the claimants of same. We held that his deed to the whole tract and the payment of taxes thereon would not avail him and give him title as against those who were in actual adverse possession of the small tracts. Here McDonald, as the facts show, had entered and was holding adverse possession of lots

5 and 6 under his deed, and, by thus taking the actual possession and holding adversely to the church, he had also constructive possession of lots 3 and 4, because they were likewise included in his deed, and, under the doctrine of the above cases, including *Hargis* v. *Lawrence,* he acquired title by adverse possession not only to lots 5 and 6, but also to subdivision lots 3 and 4, in lot 1, block 47, town of Smackover. If McDonald had not taken possession of any part of the land described in his deed from Murph, his position would be analogous to that of Hargis in the above case.

The decree of the court is in all things correct, and it is therefore affirmed.