SMITH v. SOUTHERN KRAFT CORPORATION.

4-6596                                          159 S. W. 2d 59

Opinion delivered February 23, 1942.

*Tom Kidd* and *J. H. Lookadoo,* for appellant.

*Gaughan, McClellan & Gaughan,* for appellee.

SMITH, J. Appellee filed suit alleging title to a tract of land described as "All that part of the east half northeast quarter section 3 lying east of Antoine river in township 8 south, range 23 west, in Clark county." It was alleged that appellant had wrongfully entered upon the land and had cut and removed timber therefrom. It was prayed that this trespass be enjoined, and that appellee's title be quieted.

Appellant alleged that he was in adverse possession of the land, and had been for more than seven years under deeds describing the whole thereof, and alleged that this possession under color of title had ripened into title.

Appellant has two deeds. One from B. L. Price, dated February 1, 1930, but not recorded until April 13, 1939. Price's title was supposed to be based upon a quitclaim deed from Richard Golden, who was a son and sole heir-at-law of Isaac Golden, who had no deed from anyone to the land here involved, but did have a deed conveying northwest quarter northeast quarter section 3. Appellant has a quitclaim deed also from Alfred Featherston, dated January 25, 1937, which was filed for record October 14, 1937, conveying the entire northeast quarter of section 3. Such title as Featherston had was derived from a sheriff's execution deed conveying "All that part northwest quarter northeast quarter section 3, township 8 south, range 23 west, lying east of Antoine river, and containing eight acres, more or less." It appears, therefore, that appellant had only color of title to the land here in controversy.

Appellee, by an unbroken chain of conveyances, has title to the land from the United States Government, and, as found by the court, had paid the taxes thereon for many years and for eight consecutive years before the institution of the suit. The court found also that, except for the portions actually in appellant's possession, the land was wild and unimproved. Upon this finding the court decreed that appellant had acquired title by adverse possession to the portions which he had actually occupied

for seven years, which was described by metes and bounds, but appellee's title was quieted to the remainder, and appellant was enjoined from cutting and removing timber from this remainder. The costs were assessed against appellee, and from this decree only appellant has appealed.

For the reversal of this decree appellant insists that, inasmuch as he had color of title to all the land in litigation, with actual possession of two small parts thereof, the court should have held that he had title to the whole thereof, and his own title should have been quieted. To sustain this contention numerous cases are cited to the effect that actual possession of any part of a tract of land under a deed describing the entire tract is possession to the limits of the calls of the deed.

We reaffirm this rule; but it must be said that it is not one which may or should be applied in all cases and under all circumstances. For instance, the owner of the record title to a tract of land might have actual possession of only a portion thereof, while another having only color of title to the land, might also have actual possession of another portion.

Under the rule above stated, each would have title to the land, provided the occupant who had only color of title had had adverse possession of the portion which he occupied for as much as seven consecutive years. In the case stated, the owner of the record title would have title to the whole of the tract except only the portion which he had lost through the adverse occupancy of the other. This for the reason stated in *Union Sawmill Co.* v. *Pagan*, 175 Ark. 559, 299 S. W. 1012, that ''The general rule is that constructive possession follows the title, and can only be overcome or defeated by an actual possession adverse thereto. (Citing cases).''

It was also said in this *Union Sawmill Co.* v. *Pagan* case, *supra,* that ''The appellees here, with only color of title, seek to acquire title by constructive adverse possession against the true owner of uninclosed and unimproved lands, who has continuously paid the taxes thereon each year since the time of his purchase thereof for more than seven years. The doctrine applicable here is that the

true owner of wild and unimproved lands, who has continuously paid taxes thereon from the time he acquired title thereto and for more than seven years in succession, cannot be defeated of his title and right to the actual possession of his lands by one who merely claims title thereto under color of title and by only a constructive adverse possession.''

The land in litigation is bisected by the right-of-way of the Missouri Pacific Railroad Company, and appellant had possession for more than seven years of a small part of the land on each side of the railroad. But if appellee had been advised of this possession, there were no deeds to appellant of record until, as to one deed recorded in 1937, and as to another deed recorded in 1939, which would have given constructive notice that appellant was claiming more land than he was occupying.

The case of *Sparks* v. *Farris,* 71 Ark. 117, 71 S. W. 255, involved a controversy between the owner of the original record title and an occupant under a donation deed. It was there said: ''It has, in one or more cases, been held by this court that in such cases, where the owner and tax purchaser both held actual possession of lands sold for taxes, the latter having actual possession of part, and the former of the remainder, and where the tax deed was void, then in such case the holder of the tax deed held the possession only so far as his actual possession extended, because, the owner having possession also of the remainder, his constructive possession of the whole under the description in his deed was superior to the constructive possession of the purchaser holding under a defective deed. But this rule does not pertain where the actual possession is not divided between the two, for the void deed in such case indicates the possessory claim of the holder thereof, and all the world must take notice thereof, and such is the essence of adverse possession.''

The suit in the instant case was filed within less than seven years of the date of recording either of the deeds to appellant, and there was not even constructive notice of the existence of these deeds until they were filed for record. Now, while appellee did not have actual pedal

possession of the land, it did have the constructive possession which followed the record title.

Here, we have a case where two persons each have the constructive possession to a portion of the land which is wild and unimproved. In such a case, the constructive possession will adhere to the owner of the record title, as opposed to one who has only color of title under an unrecorded deed.

There was notice to all of appellant's possession of so much of the land as he actually occupied; but there was no notice, constructive or otherwise, of his constructive possession of the remainder until his deeds were placed of record. Appellant was not, therefore, entitled to claim the benefit of the rule that one in possession, under color of title, has possession to the limits of the calls of his deed, until that deed has been placed of record.

One must take notice of the presence of an adverse occupant, because his presence gives notice; but one is not affected with notice of the recitals of a deed of which he has no knowledge until the occupant's deed has been recorded. Appellant has not had seven years' possession since his deeds were recorded, and he, therefore, acquired title only to so much of the land as he had actually and adversely occupied before the institution of this suit, and the decree here appealed from awarded him title to so much of the land as he had adversely held for seven years before the institution of this suit.

The decree of the court below accords with this view, and it is, therefore, affirmed.