## THOMAS *v.* WESTBROOK.

4-7256                      177 S. W. 2d 931

Opinion delivered February 14, 1944.

*Jas. S. McConnell,* for appellant.

Robins, J. Appellants, Nora Thomas and W. W. Willard, seek to reverse judgment of the circuit court in a suit instituted by appellant, Nora Thomas, against appellant, W. W. Willard, and appellee, R. W. Westbrook. In her complaint appellant, Nora Thomas, alleged that she had purchased and become the owner of, on January 30, 1943, the promissory note for $290 executed and delivered by W. W. Willard to C. H. Sutton and J. A. Colliar, due 90 days after date and bearing interest at the rate of 10 per cent. per annum; that said note was secured by mortgage on certain meat market equipment and other property located in Dierks, Arkansas; that said mortgage was duly filed; that nothing had been paid on the note; that appellee, Westbrook, had taken possession of the personal property covered by said mortgage; and she prayed for judgment for the amount due on the note with interest, and for possession of the personal property, or damages for the wrongful conversion thereof.

Willard answered admitting the execution of the note and mortgage, and that the amount sued for was due, and filed a cross-complaint against appellee for damages in the sum of $3,800 for the conversion of the personal property. Appellee, Westbrook, answered denying all the allegations of the complaint and pleading the statute of limitations. He also filed reply to Willard's cross-complaint alleging that Willard owed him the sum of $300 for rent and had damaged him in the further sum of $500, for which appellee asked judgment against Willard.

A jury was waived and the case was tried before the lower court, which rendered judgment in favor of appellant, Nora Thomas, against Willard for the amount due on the note, and dismissed her action against appellee, Westbrook, and also the cross-complaint of appellant, Willard, and the cross-complaint of appellee, Westbrook.

The lower court made findings of fact, among which was a finding that any conversion of the mortgaged property by appellee, Westbrook, occurred when appellee, who owned the building in which the meat market equipment was located, changed the lock on the door of

this building thereby preventing appellant, Willard, from entering, and, since this occurred more than three years before the filing of the suit by appellant, Nora Thomas, her right of action, as owner of the mortgage, against appellee, Westbrook, for the alleged conversion was barred by the three-year statute of limitations, and that appellant, Willard's cross-complaint was likewise barred.

Conversion is ordinarily said to consist of the exercise of dominion over the property in violation of the rights of the owner or person entitled to possession. The evidence as to appellee's conversion of the market equipment is rather meager, but it seems to be undisputed that he did change the lock on the door of the building in which the property was situated. By so doing he brought about a situation under which appellant, Willard, was denied access to the property and he (Westbrook) alone could enter the building. Such an act was held by the Supreme Court of New Hampshire in the case of *Jones* v. *Stone,* 78 N. H. 504, 102 A. 377, to amount to conversion of chattels within the building.

By § 8928 of Pope's Digest of the laws of Arkansas it is provided: "All actions for taking or injuring any goods or chattels shall be commenced within three years after the cause of action shall accrue, and not after." It is argued, however, by appellant, Nora Thomas, that the five-year statute of limitations (§§ 8933 and 8934 of Pope's Digest) relating to actions on promissory notes and other instruments of writing is applicable to the case at bar. But this suit, in so far as it affected appellee, Westbrook, was not a suit on a promissory note, nor was it a suit against him to foreclose a mortgage. It was a suit for conversion, and, in such a case, the period of limitation is three years, and the statute of limitations begins to run in favor of the person charged with converting chattels at the time when the conversion takes place. *Ford* v. *Ford,* 22 Ark. 134; *Kurtz* v. *Kurtz,* 22 Ark. 226; *Chapman* v. *Hudson,* 46 Ark. 489; *Ozark Land Company* v. *Lane-Bodley Company,* 64 Ark. 301, 42 S. W. 281.

The finding of the lower court that the conversion took place more than three years before the filing of the

suit was based on substantial testimony, and, under the long established rule of this court, in such a case, we cannot reverse the judgment based on such finding. *Arnold* v. *Chas. T. Abcles & Company,* 98 Ark. 367, 135 S. W. 833; *Greenspan* v. *Miller,* 111 Ark. 190, 163 S. W. 776; *Ft. Smith & Van Buren Bridge District* v. *Scott,* 111 Ark. 449, 163 S. W. 1137. The judgment of the lower court is accordingly affirmed.