ANTHONY v. INTERNATIONAL PAPER COMPANY.

4-7370                                    180 S. W. 2d 828

Opinion delivered June 5, 1944.

*Tom Kidd,* for appellant.

*Gaughan, McClellan & Gaughan,* for appellee.

McHANEY, J. Appellant brought this action against appellees to recover the value of timber cut by appellees from a 40-acre tract of land described as the NE NE 19-7-25, Pike county, claiming to be the owner. He deraigned his title from Patrick M. Davis by deed dated October 10, 1905, to D. E. Hicks. Appellee, International Paper Company, answered alleging that it is a corporation and is the successor of the appellee, Southern Kraft Corporation, by merger and consolidation proceedings, which latter no longer exists as a corporation, and that all its assets and obligations were taken over and assumed by International. It claimed to own said land by an unbroken chain of title from said Patrick M. Davis by deed from him to Detroit Timber & Lumber Company, dated April 9, 1902, and through mesne conveyances from the latter to Southern Kraft Corporation which was merged and consolidated with it as above stated. It alleged that it and its predecessors in title have continuously paid the taxes on said land, which is unimproved and unenclosed and always has been, from 1902 to the present time.

Trial to the court sitting as a jury resulted in a finding that neither appellant nor his predecessors in title

have ever had actual possession of said lands; that appellant's predecessors have never claimed title thereto adversely to appellee, "but, by a preponderance of the evidence, have recognized that they did not own or intend to hold said lands against defendant (appellee) and its predecessors in title; that the plaintiff (appellant) has not acquired the lands in controversy by adverse possession, and that the title and right of possession of defendant to said lands is paramount and superior to that of plaintiff." Judgment was accordingly entered against appellant and he has appealed.

Both parties claim title from a common source, Patrick M. Davis, who conveyed to appellee's predecessor in title by deed dated April 9, 1902, and recorded May 5, 1902, the NE NE 19-7-25. Davis conveyed to D. E. Hicks, appellant's predecessor in title by deed dated October 10, 1905. The description from Davis to Hicks was: "All east and north of river, northeast quarter, section (19) nineteen, township (7) seven range (25) twenty-five west containing sixty acres more or less." While this description is broad enough to cover and does include the NE NE owned at that time by appellee's predecessor in title, it appears that Davis did not intend to convey or to include in his deed to Hicks the NE NE as he recited a conveyance of only 60 acres whereas the description employed included 100 acres. However, the recital in the deed as containing 60 acres is not controlling, but here it would seem to be a circumstance tending to show that Davis did not intend to convey to Hicks the 40-acre tract he had some three and one-half years previously conveyed to Detroit Timber & Lumber Company. Since Davis had already conveyed the title to said 40-acre tract, Hicks acquired no title to said tract by his deed from Davis in 1905, and appellant now has no title thereto, unless he, or his predecessors in title, have subsequently acquired same by adverse possession.

We do not understand that appellant claims that he or his predecessors in title have ever been in the actual possession of the 40-acre tract in controversy, or any part of it. He and those through whom he claims have been in the actual possession of a portion of the

other land covered by his deed. If there is a claim that a portion of said 40-acre tract has been in possession of appellant and his predecessors, then he is concluded by the court's finding to the contrary based upon substantial evidence.

Appellant's principal contention is based on the rule, frequently announced by this court, that the actual possession of a part of the land under a deed constituting color of title and describing the entire tract is in law possession to the limit of the whole land. *Bowers* v. *Rightsell,* 173 Ark. 788, 294 S. W. 21. In other words, appellant contends that, because he and those under whom he claims have been in the actual possession, for more than seven years, of a portion of the 60 acres of land owned by him, he has become the owner of all the land described in his deed, including appellee's 40 acres. This is not correct and would work a manifest injustice to the true owner, such as appellee in this case. The distinction between the case at bar and *Bowers* v. *Rightsell, supra,* and *Thornton* v. *McDonald,* 167 Ark. 114, 266 S. W. 946, and other cases cited in both, sustaining the rule above announced, is well illustrated in the cases of *Union Saw Mill Co.* v. *Pagan,* 175 Ark. 559, 299 S. W. 1012, and *Smith* v. *Southern Kraft Corporation,* 203 Ark. 814, 159 S. W. 2d 59. In the former, the late Judge Wood, speaking for the court, said: "In *Moore* v. *McHenry,* 167 Ark. 483, 268 S. W. 858, we reannounced the doctrine of many former cases that, 'where adverse possession is entered under color of title, the grantee in the instrument constituting color of title will be deemed in constructive possession of the entire body of land described in the instrument, if in the actual possession of any part thereof.' See, also, *Thornton* v. *McDonald,* 167 Ark. 114, 266 S. W. 946, and cases there cited at page 118, 266 S. W. 947. The doctrine of these cases has no application here, because of the difference in the facts. Appellees here, with only color of title, seek to acquire title by constructive adverse possession against the true owner of uninclosed and unimproved lands, who has continuously paid the taxes thereon each year since the time of his purchase thereof for more than seven years. The

doctrine applicable here is that the true owner of wild and unimproved lands, who has continuously paid taxes thereon from the time he acquired title thereto and for more than seven years in succession, cannot be defeated of his title and right to the actual possession of his lands by one who merely claims title thereto under color of title and by only a constructive adverse possession. The general rule is that constructive possession follows the title, and can only be overcome or defeated by an actual possession adverse thereto. *Gates* v. *Kelsey,* 57 Ark. 523, 22 S. W. 162; *Haggart* v. *Ranney,* 73 Ark. 344, 84 S. W. 703; *Watts* v. *Moore,* 89 Ark. 19, 115 S. W. 931; *Arnold* v. *Chas. T. Abeles & Co.,* 98 Ark. 367, 135 S. W. 833; *Smith* v. *Boynton Land & Lumber Co.,* 131 Ark. 22, 198 S. W. 107. Furthermore, since the land was uninclosed and unimproved when Hostetter acquired the legal title from the state and began paying taxes thereon, and continued the payment thereof for seven years in succession, this, of itself, was constructive possession and eviction of all who claim title by constructive possession of the land. For, under the plain terms of § 6943, C. & M. Digest, 'unimproved and uninclosed land shall be deemed and held to be in the possession of the person who pays the taxes thereon, if he have color of title thereto,' etc.''

In *Smith* v. *Southern Kraft Corp. supra,* the court reaffirmed the rule here contended for and said: ''We reaffirm this rule; but it must be said that it is not one which may or should be applied in all cases and under all circumstances. For instance, the owner of the record title to a tract of land might have actual possession of only a portion thereof, while another having only color of title to the land, might also have actual possession of another portion.

''Under the rule above stated, each would have title to the land, provided the occupant who had only color of title had had adverse possession of the portion which he occupied for as much as seven consecutive years. In the case stated, the owner of the record title would have title to the whole of the tract except only the portion

which he had lost through the adverse occupancy of the other. This for the reason stated in *Union Saw Mill Company* v. *Pagan*, 175 Ark. 559, 299 S. W. 1012, that 'The general rule is that constructive possession follows the title, and can only be overcome or defeated by an actual possession adverse thereto.' " See, also, the very recent case of *Sturgis* v. *Hughes*, 206 Ark. 946, 178 S. W. 2d 236.

It is finally insisted that, since there is no deed of record from Southern Kraft to International and since appellant denied the allegation in appellee's answer that it acquired the title from Southern Kraft through merger and consolidation and no proof thereof having been made, and since appellee alleges in its answer that it conveyed this and other land to Southern Kraft in April, 1930, the evidence is insufficient to support appellee's title. But the answer alleged the merger and consolidation occurred on September 30, 1941, which would revest the title in International. This matter does not seem to have been relied on in the court below and it is difficult to perceive what right appellant has to question the title as between the two appellees.

We find no error, and the judgment is accordingly affirmed.