BRINNEMAN *v.* SCHOLEM.

Opinion delivered May 2, 1910.

1. TAXATION—EFFECT OF SALE OF STATE LAND.—A donation deed purporting to convey land as having forfeited to the State for taxes is ineffective to convey any title where at the time of the alleged forfeiture the land was not subject to taxation, being property of the State. (Page 67.)

2. PUBLIC LAND—SWAMP AND OVERFLOWED LAND—PRE-EMPTION.—The act of March 18, 1879, providing that pre-emptors and settlers on the unconfirmed swamp lands of the State "shall have a preference right

to purchase such lands by making satisfactory "proof" of their rights as pre-emptors and settlers, applies only to *unconfirmed* swamp lands, and not to lands which were confirmed. (Page 68.)

3. Limitation of action—sale of state land for taxes.—Kirby's Digest, § 5061, providing that no action for the recovery of lands shall be maintained against a purchaser at tax sale "unless the plaintiff, his ancestor, predecessor or grantor, was seized or possessed of the lands in question within two years next before the commencement of such suit or action," does not apply in case of a tax sale of land which belonged to the State, and was therefore not subject to taxation. (Page 70.)

4. Adverse possession—void tax deed as color of title.—A tax deed which is void because the land was public land and not subject to taxation is not color of title, and does not become such when the land is acquired by a private owner. (Page 70.)

5. Taxation—void sale—improvements.—A purchaser of State land at a void tax sale who made improvements thereon is not entitled to reimbursement for improvements placed by him thereon prior to a third person's purchase of the land from the State. (Page 70.)

Appeal from Woodruff Chancery Court; *Edward D. Robertson,* Chancellor; reversed.

*J. F. Summers,* for appellant.

The donation deed was void. 66 Ark. 48. The State is liable, only to the extent of the power actually given its officers. 39 Ark. 580. The patent issued by the State to appellant is evidence of title in appellant. 39 Ark. 120. Therefore the burden of proof is upon appellee to show a superior right.

*C. F. Greenlee,* for appellee.

The donation deed is valid, and appellee acquired a good title. Kirby's Dig., §§ 4820, 4802, 4804; 49 Ark. 266; 56 Ark. 276; 43 Ark. 543. Besides, the two years statute of limitation, under the donation deed, gave appellee a good title to the land. 85 Ark. 584; 87 Ark. 185; 84 Ark. 614; 77 Ark. 324. Even if the judgment should be reversed, appellee would be entitled to a refund of taxes paid on the land, and also to pay for improvements. Kirby's Dig., § 2754.

McCulloch, C. J. Appellee instituted this action in the chancery court of Woodruff County in September, 1907, against appellant to quiet his title to a tract of land containing forty acres in that county, and to cancel, as a cloud on his title, a deed to appellant by the Commissioner of State Lands as swamp

and overflowed land. The facts are undisputed. The land in controversy was swamp and overflowed land, within the meaning of the act of Congress of September 28, 1850, granting such lands to the State of Arkansas, and was duly selected as such prior to March 3, 1857, the date of the act of Congress confirming to the State the swamp and overflowed lands which had then been selected but not approved.

In 1870 the land was selected by the Memphis & Little Rock Railroad Company as land inuring to it under the act of Congress of 1853 granting lands to the State for railroad purposes; but the selection was rejected by a decision of the Commissioner of the General Land Office of the United States, dated July 16, 1891. On January 16, 1902, said tract was certified to the Land Commissioner of the State by the Commissioner of the General Land Office as swamp and overflowed lands, and was subsequently patented to the State as such. The State Land Commissioner, by deed duly executed September 28, 1904, conveyed this tract to appellant.

The land was declared forfeited to the State under an overdue tax decree in 1882, and in 1894 appellee's grantor, one Runnells, obtained a donation certificate therefor as State lands which had been forfeited to the State for non-payment of taxes. On ———, 1897, having produced proof of improvements and occupancy, the State Land Commissioner executed to him the State's donation deed, conveying the State's interest in the land as forfeited land. Runnells occupied the land continuously up to the date of his conveyance to appellee, June 4, 1904, and the latter occupied it by tenant up to the commencement of the present action. The land was not subject to taxation before the title passed from the United States to the State of Arkansas and from the State as swamp land; and therefore the tax sale was void. Only lands forfeited to the State for non-payment of taxes are subject to donation under proof of improvements and occupancy (Kirby's Digest, § § 4809 *et seq.*), and the State Land Commissioner had no authority to convey in this manner swamp lands which were still owned by the State. The donation deed to appellee's grantor only purported to convey the State's interest in the land as land which had been forfeited for taxes. This deed was void, and conveyed no title. *St. Louis Ref. & Wooden Gutter Co.* v. *Langley,* 66 Ark. 48.

The learned chancellor decided, on what he conceived to be the authority of *Chism* v. *Price,* 54 Ark. 251, that the land was *unconfirmed* swamp land, held by appellee's grantor as an actual settler, who had, under the statute, a preference right to purchase from the State; that appellant's title was obtained in fraud of such preference right, and that the latter should be held as a trustee. A decree was therefore rendered in appellee's favor, quieting his title on repayment to appellant of the purchase money with interest which the latter had paid to the State for his patent.

The act of March 18, 1879, provides that "pre-emptors and settlers on the unconfirmed swamp lands of the State * * * shall have a preference right to purchase such lands by making satisfactory proof to the Commissioner of State Lands of their rights as such pre-emptors and settlers," and that "any person not a pre-emptor or settler who shall apply to purchase any of such lands shall make and file with the Commissisoner of State Lands an affidavit stating that the land applied for has no improvement on it and that no person is residing upon it or claims it by virtue of any pre-emption certificate issued by authority of law." In *Chism* v. *Price, supra,* this court held that the statute above referred to applies only to *unconfirmed* swamp lands, and that the term "unconfirmed swamp lands," as used in the statute,. meant those lands the selected lists of which had been transmitted to the General Land Office and returned to the Governor as approved, and did not mean those lands the selection of which was confirmed by the act of Congress of 1857 but not returned to the Governor as approved. In that case the lands were still unconfirmed when the patent to the purchaser was issued by the State Land Commissioner. In the present case the land was unconfirmed when settled on and improved by appellee's grantor, but it had been confirmed and patented to the State when purchased by appellant. It was then no longer unconfirmed swamp land, and did not come within the provisions of the act of March 18, 1879, giving a preference right of purchase to the actual settler and requiring any other person applying for purchase to file an affidavit with the Commissioner stating that the land had no improvement thereon, and that no person was residing thereon. The actual settler had then lost his preference right to purchase, and the

land was open to purchase by any person who applied. The act of March 18, 1879, was the first act to authorize the sale of swamp land before confirmation, though the prior statute of December 14, 1875, confirmed sales theretofore made of unconfirmed swamp lands. The Swamp Land Act of January 12, 1853, required the land agents of the several districts (now the State Land Commissioner) to give notice by publication of the sale of confirmed swamp lands. Subsequent statutes, enacted in 1854, 1857 and 1875, required such land agents to give notive by publication of additional confirmations, notifying pre-emptors of their rights and requiring all persons claiming the right of pre-emption on any of such lands to come forward and prove their pre-emption before the day of sale; also stating that all lands so confirmed by the State which should not be purchased under pre-emption or preference right within sixty days from the date of notice would be sold at public sale to the highest bidder.

The act of January 12, 1853, granted the right of pre-emption to any settler of swamp land, and provided that to obtain it the settler should, within thirty days after settlement, make a declaration in writing setting forth the fact that he claimed said land as a pre-emption right, etc. The act further provided that, if a settler failed to make such entry before the day set apart for making the sale, then the right should be lost, and the land sold to the highest bidder.

By the act of January 16, 1855, the right of pre-emption was given to any citizen who had an improvement on any swamp land, and who should, within sixty days after the land had been advertised by the land agent, file his declaration in writing setting forth the fact that he claimed said tract of land as a pre-emption right.

It is seen from these statutes that the preference right of settlers on confirmed lands ceased unless asserted within the time and manner prescribed by the statute after the publication of notice by the several land agents, or the Commissioner of State Lands after the creation of that office. After the preference right of a settler ceased, any applicant could purchase the land. As already stated, the act of March 18, 1879, applied only to unconfirmed lands, and it was not the design of that statute to extend the preference right of a settler be-

yond the period after confirmation provided by the prior statute. In other words, a settler on unconfirmed swamp land had a preference right to purchase, of which he could avail himself at any time before confirmation and within sixty days after publication of notice by the land agent or State Land Commissioner. After that time the land was open to purchase by any person applying therefor, and the settler lost his improvement by his failure to assert his right within the period prescribed by statute. The purchaser thereafter from the State was not required to file the affidavit required by the act of March 18, 1879, and could not be treated as a trustee for the settler.

We are therefore of the opinion that the chancellor erred in holding that appellee was entitled to the land on repayment to appellant of the purchase price.

It is also contended on behalf of appellee that he acquired title to the land by adverse possession under his donation deed for a period of two years after appellant's purchase from the State. It is conceded that the statute of limitation did not commence running before the purchase. Such a contention could not be sustained, for statutes of limitation do not run against the State so as to divest it of its title. The seven-year statute of limitation (Kirby's Digest, § 5056) was set in motion by the conveyance to appellant from the State; but not so with the two-year statute (Kirby's Digest, § 5061), for the title had not passed from the State, and it was not subject to taxation. The purchaser was not chargeable with notice of the void deed which antedated his purchase from the State, and for this reason the two-year statute did not run. We have held that adverse possession for two years under a tax deed or donation deed based on a void tax sale bars a recovery by the owner (*Ross* v. *Royal*, 77 Ark. 324); but that rule does not apply to a void deed executed before the title passed out of the State. The deed was not color of title while title was in the State, and did not become such when title passed to the State's vendee, who, by his purchase, took title free of all cloud. For the same reason appellee is not entitled to compensation under the betterment statute for improvements made prior to appellant's purchase from the State. *Floyd* v. *Ricks*, 14 Ark. 286.

Reversed and remanded with directions to enter a decree in accordance with this opinion.