TEMPLE *v.* BRADLEY LUMBER COMPANY.

Opinion delivered March 9, 1914.

1. PUBLIC LANDS—CONVEYANCE BY STATE—RIGHTS OF OWNER.—The holder of a certificate of entry to swamp lands, under Kirby's Digest, § 2741, has both the legal and equitable title, and may maintain a suit to cancel a forfeiture of the lands to the State for the nonpayment of taxes, although the patent had not been issued when the suit was commenced. (Page 31.)

2. TAXATION—SWAMP LANDS—TITLE.—The State Land Commissioner is without authority to convey the State's swamp land title, by a deed under a forfeiture of the land for taxes, when the same had been granted away. (Page 31.)

3. EXECUTION SALE—PERSON INTERESTED—PURCHASER.—An administrator may purchase land at an execution sale, under judgment in an action brought by him, and acquire the legal title, although the sale is voidable as to the heirs or distributees of the intestate. (Page 32.)

4. TAXATION—TAX SALE—SETTING ASIDE LACHES.—Land was forfeited for nonpayment of taxes for 1869 and 1870, and conveyed by the State in 1908. *Held,* a suit commenced shortly thereafter to cancel the forfeiture, is not barred by laches. (Page 32.)

5. TAX SALE—SETTING ASIDE.—Plaintiff brought suit to cancel the forfeiture of certain lands to the State, for the nonpayment of taxes. *Held,* when plaintiff established legal title to the greater portion of the tract, he was entitled to recover the interests he had acquired, although he had not acquired all the interests in the tract. (Page 32.)

Appeal from Bradley Chancery Court; *Zachariah T. Wood,* Chancellor; reversed.

*J. R. Wilson,* for appellant.

1. The levies for the taxes of 1869 and 1870, being made after the time prescribed by law, were void. 69 Ark. 567; 68 Ark. 341; 50 Ark. 390.

A forfeiture and sale for nonpayment of taxes is void where the tracts of land are not separately taxed, and such tracts are sold *en masse* and for a lump sum. 29 Ark. 477; *Id.* 492-494; 30 Ark. 579; 31 Ark. 315; *Id.* 491; 61 Ark. 414, 415; 55 Ark. 109.

2. The recitals of the sheriff's deed to John M. Lyons are conclusive, showing that he bought the property outright in his own name, paying therefor a sum considerably more than the total debt, damages and costs adjudged against Moseley. There was nothing incompatible with his duty as administrator in purchasing in his own name lands sold under an execution sale conducted by the sheriff. This was no sale made by order of a probate court. See 17 Cyc. 1253.

3. Appellant is not barred by laches. An owner's right in wild and unimproved lands is not a lost right until the lapse of seven full years from date of first tax payment; neither can he be deprived of his title thereto by mere failure to pay taxes and the enhancement of the land's value. Here the first tax payment was made but little more than *seven months* prior to the bringing of the suit. 92 Ark. 497; 99 Ark. 500; 102 Ark. 60; 103 Ark. 251; 105 Ark. 663.

*D. A. Bradham,* for appellee.

1. The deed from the State Land Commissioner to L. J. Burbridge on August 7, 1908, conveyed all the right, title and interest that the State had in the lands. Kirby's Dig., § 4807. When the deed was made to Elijah Moseley on August 7, 1912, the title had already passed from the State to Burbridge. Appellant must stand upon his own deed and what it shows, and can not rely upon a former entry *which is not shown to be the entry upon which the patent was issued.*

2.   John M. Lyon never took title to the land under the execution sale.   The purchase by him while acting as administrator was not authorized by law.   33 Ark. 575.

McCULLOCH, C. J.   Appellant asserts title to a tract of land in Bradley County, Arkansas, containing eighty acres, and instituted this action against appellee in the chancery court of that county to cancel a forfeiture of the land to the State for nonpayment of taxes and the State's deed thereunder to appellee.

The land in controversy was patented by the United States to the State of Arkansas as swamp and overflowed land in the year 1859, and certificate of entry was granted by the State to one Elijah Moseley.   On October 3, 1867, the land was sold under an execution against Moseley, and purchased by John M. Lyon, the ancestor of appellant's grantors.   After the commencement of this action appellant applied to the State Land Commissioner for a patent upon the original certificate issued to Moseley, and the patent was duly issued to him.   The land was forfeited to the State of Arkansas for the nonpayment of taxes for the years 1869 and 1870, and on August 7, 1908, the State Land Commissioner conveyed the land to appellee's grantor as land forfeited to the State for nonpayment of taxes.   The validity of said tax sale is assailed on numerous grounds set forth in the complaint and covered by the proof in the case, and there is no contention on the part of appellee that the sale was valid.   Appellee defends on other grounds.

In the first place, it is contended that appellant establishes no title to the land prior to the commencement of this action, because patent was not issued until after the commencement of the action.

The original entry by Moseley was sufficient, not only to convey to him the equitable, but also the legal title to the land, which would have supported an action of ejectment.   Kirby's Digest, § 2741.

It is also insisted that the State's title, from whatever source it was obtained, passed under the deed to appellee's grantor, Burbridge.

That deed did not, however, purport to convey any interest of the State except that which it had acquired under the tax forfeiture, and the Commissioner of State Lands was without authority to convey the State's swamp land title in that manner. *St. Louis Refrigerator & Wooden Gutter Co.* v. *Langley,* 66 Ark. 48; *Brinneman* v. *Scholem,* 95 Ark. 65.

Besides, the State had already parted with its title under the Moseley entry and had nothing to convey.

It is next contended that the purchase of John M. Lyon was void because he was the administrator in whose favor the execution was issued and that he had no right to purchase at the sale.

Lyon was administrator of the estate of Carter Wood, and as such obtained a judgment against Moseley. The sale was made under an execution issued at his instance. The sale was undoubtedly voidable at the instance of the heirs or distributees of Carter Wood. Appellee is not in any position to complain on that account. The sale was valid as to all others and conveyed the legal title.

There was no element of laches in this case, for the suit was brought a short time after appellee purchased from the State and the land was put back on the tax books.

Some of the heirs of John M. Lyon were infants at the time of the conveyances to appellant, and their guardian asked that they be made parties plaintiff in order that their rights might be asserted. This may be done on the remand of the case, for it does not appear that their interests have been properly conveyed to appellant. However, appellant has established legal title to the greater portion of the interests in the tract and is entitled to recover the interest which he acquired.

The decree is therefore reversed and the cause remanded with directions, after admitting other interested parties, to enter a decree granting the relief prayed for in the complaint.