## MOORE *v.* McHENRY.

### Opinion delivered February 23, 1925.

1. ADVERSE POSSESSION—SUFFICIENCY OF EVIDENCE. —Evidence *held* to sustain a claim of title to land by adverse possession of plaintiffs' ancestor.

2. ADVERSE POSSESSION—EXTENT OF CONSTRUCTIVE POSSESSION.— Where adverse possession is entered under color of title, the grantee in the instrument constituting color of title will be deemed in constructive possession of the entire body of land described in the instrument if in the actual adverse possession of any part thereof.

Appeal from Union Circuit Court; *L. S. Britt, Judge;* affirmed.

*Gaughan & Sifford,* for appellats.

The donation deed under which appellee claim was void, and was not color of title. Therefore, if it be true that appellee held possession of part of the land which was inclosed adversely for a sufficient time to acquire title, they did not thereby acquire title to the land that was uninclosed. 95 Ark. 60, 70. The cutting of firewood and fence rails on land is not sufficient to give actual possession. 88 Ark. 392; 81 Ark. 296; *Id* 258. Appellees' holding was permissive, as evidenced by the payment of rent in order to keep from being moved off of the land, and by their remaining passive whenever any occasion arose when they should have asserted the hostile, adverse nature of their occupancy. 12 L. R. A. (N. S.) 1140. For requirements as to character of possession necessary to establish title by adverse possession, see 43 Ark. 469; 97 Ark. 33, 35; 163 Ark. 571; 133 Ark. 589; 151 Ark. 44 The tenant cannot dispute the

title of the landlord. 53 L. R. A. 941; 56 Neb. 648, 77 N. W. 80; 32 N. J. L. 124; 29 Ore. 354; 45 Pac. 904; 20 Pa. 80.

*Goodwin & Goodwin,* for appellees.

The questions of fact have been settled in favor of the appellees by the verdict of the jury. 148 Ark. 654; 133 Ark. 599; 18 S. W. 762; 164 Ark. 205. As to the actual, visible and notorious possession of Mary McHenry and her heirs, there can be no controversy, and the continuity of possession is not controverted. 138 Ark. 415. The purpose of color of title is merely to define the extent of the claim of an adverse occupant, and, under this principle, even if the deed to McHenry did not constitute color of title, it was not necessary in this case. 50 Ark. 340; 6 Metc. 337; 39 Conn. 94; 32 N. J. Law, 239; 4 Allen, 425; 4 S. W. 453; Wood, Limitations, 539; 78 Ark. 99. The continuous actual possession of appellees after the State parted with its title in 1899 and 1904, under the claim and assertion of acts of ownership, has been for a period of more than seven years, and perfects the title in them. 149 Ark. 189. It is not necessary that the appellees should have paid taxes on the land in order to acquire title by adverse possession. 135 Ark. 231; 145 Ark. 211.

Humphreys, J. Appellees, heirs of Mary McHenry, deceased, instituted suit on July 19, 1922, in ejectment against appellants to recover an 80-acre tract of land in said county, alleging that they inherited it from their ancestor, Mary McHenry, who acquired title thereto by adverse possession.

Appellants filed an answer denying the material allegations of the complaint, and alleging ownership in themselves by purchase through mesne conveyances from the State's patentees, E. S. Crossett, who purchased one of the forties in 1899, and J. H. Hostetter, who purchased the other in 1904 from the State as internal improvement land. The cause was submitted to the jury upon the pleadings, testimony and instructions of the court, which

resulted in a verdict and consequent judgment in favor of appellees for the land, from which is this appeal.

The first and main contention of appellants for a reversal of the judgment is that the undisputed evidence shows that appellees' possession was permissive and not adverse. Mary McHenry obtained a donation deed from the State to the lands in controversy on June 4, 1885, reciting that said lands had forfeited to the State for the taxes for the year 1878. She, together with her husband and children, immediately moved upon and improved the land. They built three houses thereon, fenced and placed a part of it in cultivation. Mary McHenry paid the taxes thereon until 1898, when the collector refused to accept taxes because it was internal improvement land. Neither she nor appellees paid taxes on the land after that time. The place was originally · known as the Mose McHenry place. After a time Mose McHenry died, and his widow, with their children, continued to reside upon the place. Mary McHenry died in 1908, but her children continued to live upon the property. Later, one or more of them died, and some of them married and moved away. One of them, Thomas J. McHenry, was living on the place when appellants moved thereon, and he continued to reside there until after the first suit for the property was instituted. The first suit for the property was brought in 1921, but was dismissed a short time before the instant suit was commenced.

The testimony on the part of appellees tended to show that, from the time their mother took possession of the land in 1885 until her death in 1908, she actually, openly, continually and notoriously occupied the land, claiming title thereto.

Appellants introduced testimony tending to show otherwise.

This issue of fact was submitted to the jury under proper instructions, and appellants are bound by the adverse finding of the jury.

It is true that, between the dates Crossett and Hostetter patented the land in 1899 and 1904 and the

time this suit was instituted, some of the grantees in the chain of appellant's title cut the valuable timber off of the land and collected rent for a few years from two of the heirs, but the heirs explained that the timber was cut and the rents collected from them because they were afraid of the parties who cut and removed the timber and collected the rents. Appellants and their ancestors were ignorant negroes.

There is ample evidence in the record to support the finding of the jury that the possession of the lands by appellees and their ancestors was not permissive but, on the contrary, was adverse to the world.

The next and last contention of appellants for a reversal of the judgment is that appellees' title by adverse possession must fail because the testimony did not reflect any definite description of that part of the land which they and their ancestors actually occupied, and that, in no event, could they claim that part of the land outside of the inclosure which they and their ancestor maintained upon the land. It is true that one claiming a prescriptive title to lands can only claim to the boundaries of his actual possession, but not so when he claims under an instrument in writing constituting color of title. In that event his possession extends to the boundaries designated in the instrument. Appellants argue that, because the donation deed was executed before the lands were obtained and while they were held by the State as internal improvement lands, the deed was void and was not such color of title as might be used by the grantees therein to mark the boundaries of their land. In support of this argument they cite the case of *Brinneman* v. *Scholem,* 95 Ark. 60. That case is not in point. The issue in that case was whether the two-year statute of limitations would be put in operation by a void donation deed executed before the title passed out of the State. We held that it would not, become the statute does not apply to a tax deed or donation deed based upon that kind of a sale. The two-year statute of limitations has reference to the perfec-

tion of void tax titles by adverse possession against the real owner of the land. The acquisition of title to lands under the seven-year statute of limitations has no relation to the perfection of void tax titles by adverse possion. The statute is put in operation by adverse possession only, either with or without color of title. The operation of the statute does not depend upon an instrument constituting color of title. The rule is that, if the adverse possession was entered under color of title, the grantee in the instrument constituting color of title will be deemed in constructive possession of the entire body of land described in the instrument if in the actual possession of any part thereof. The rule announced in *Brinneman* v. *Scholem, supra,* has no application whatever to the seven-year statute of limitations, and it is immaterial whether the color of title under which Mary McHenry took possession of the land in question was issued before or after the land was patented to E. S. Crossett and J. H. Hostetter. The instrument was color of title for the purpose of marking the boundaries of the lands claimed and occupied by her and her heirs. It follows that the court properly refused to instruct the jury that the donation deed acquired by Mary McHenry was not color of title, and that such adverse possession as she and her heirs held only extended to and applied to the land which she or they held under inclosure for the statutory period.

No error appearing, the judgment is affirmed.