UNITED STATES of America,
Plaintiff,

v.

738.75 ACRES OF LAND, MORE OR LESS, IN JEFFERSON AND LINCOLN COUNTIES, ARKANSAS, and Hudgens Jeter et al., and Unknown Owners, Defendants.

Civ. No. PB 65–C–62.

United States District Court
E. D. Arkansas,
Pine Bluff Division.

Jan. 27, 1967.

W. H. McClellan, Asst. U. S. Atty., Little Rock, Ark., for United States of America.

A. E. Townsend, Jr., Little Rock, Ark., for Modie Morgan and Ora Mae Morgan.

E. Harley Cox, Jr., Coleman, Gantt, Ramsay & Cox, Pine Bluff, Ark., for Hudgens Jeter, Joy Jeter, W. S. Jeter and Betty W. Jeter.

MEMORANDUM OPINION

OREN HARRIS, District Judge.

This is a suit whereby the defendants Hudgens Jeter, Joy H. Jeter, W. S. Jeter and Betty W. Jeter, and defendants Modie D. Morgan and Ora Mae Morgan are contestants and claiming rights to an entitlement of certain lands in a condemnation proceeding by the United States of

America under power of eminent domain, and seeking just compensation as owners and parties in interest.

The United States of America filed a complaint December 7, 1965, for the taking of certain property as provided by law in connection with the navigation project on the Arkansas River and more particularly for use incident to and in connection with Lock and Dam No. 3. Among other lands involved of the parties hereto are included lands in dispute more particularly identified as Tract Nos. 121E–1, 121E–2 and 121E–3.

As stated in the complaint of the Government, contracts determining the amount of just compensation payable by plaintiff were entered into for said tracts of land involved herein with defendants Hudgens Jeter, Joy H. Jeter, W. S. Jeter and Betty W. Jeter.

Tract 121E–1 is identified in the proceedings by the Government as being part of the accretions to Lot 5, and part of the accretions to the west 36.38 acres of Lot 4, of the Fractional W ½ of Fractional Section 18, Township 6 South, Range 6 West of the Fifth Principal Meridian, left bank of the Arkansas River, containing 13.10 acres, more or less.

Tract 121E–2 is likewise described in the complaint as being part of the accretions to Lot 5, and part of the accretions to the west 36.38 acres of Lot 4, of the Fractional W ½ of Fractional Section 18, Township 6 South, Range 6 West of the Fifth Principal Meridian, left bank of the Arkansas River, containing 45.00 acres, more or less.

Tract 121E–3 is described in the complaint as being part of the accretions to Lot 5, and part of the accretions to the west 36.38 acres of Lot 4, of the Fractional W ½ of Fractional Section 18, Township 6 South, Range 6 West of the Fifth Principal Meridian, left bank of the Arkansas River, containing 1.00 acre, more or less; a total of 59.10 acres.

Separate answer of defendants Modie D. Morgan and Ora Mae Morgan to the notice of condemnation of the Government was filed claiming title vested in them to said lands, contending that they hold good and merchantable title thereto.

The defendants Hudgens Jeter, Joy H. Jeter, W. S. Jeter and Betty W. Jeter filed separate answer claiming right, title and interest to said lands.

Both defendants Morgans and Jeters claim title by vested right of many years and each group claim peaceful and uninterrupted possession adverse to all other persons claiming color of title to said lands, and each petition that title to said lands be quieted and confirmed in them as against all others and that each be awarded in full all damages and payments found to be due from the United States of America by reason of the condemnation proceedings.

The defendants of the Jeter group appear in person and with counsel, E. Harley Cox, Jr., of the firm of Coleman, Gantt, Ramsay & Cox, and the defendants of the Morgan group appear in person and with counsel, A. E. Townsend, Jr., of the firm of Townsend & Townsend.

Following statements by counsel for both parties, testimony was presented by a number of witnesses, together with stipulations and exhibits, all from which the Court is sufficiently well advised and finds, as follows:

## FINDING OF FACT

There is no question as to the need of the Government in the taking of said lands for the purpose of bank stablization, channel rectification, control of floods, construction and operation of a navigation project on the Arkansas River, and for other uses incident thereto, in connection with Lock and Dam No. 3.

It is also admitted that the lands appropriately described as Tract 121E–1, 121E–2 and 121E–3 are accretions as a result of change in the course of the Arkansas River over the years. Most of these lands which are now described as accretions in dispute were at one time a segment of the Arkansas River bed.

It is admitted that defendants Hudgens Jeter, Joy H. Jeter, W. S. Jeter and Betty

W. Jeter own and have a vested title in 36.38 acres off the West side of Lot Four (4) of the Northwest Quarter and Lot Five (5) of the Northwest Quarter, Section Eighteen (18), Township Six (6) South, Range Six (6) West, by quitclaim deed from R. E. Jeter and Willie H. Jeter, his wife, to Hudgens Jeter and W. S. Jeter, dated February 15, 1965.

It is admitted that R. E. Jeter became vested in these lands by warranty deed from Citizens Savings Bank and Trust Company dated November 15, 1935, and has had actual possession continuously until conveyed by quitclaim deed to his sons Hudgens Jeter and W. S. Jeter.

The lands in dispute as identified by tracts herein are adjacent to and south of said 36.38 acres of the West side of Lot 4 and Lot 5 of the Northwest Quarter, which extend to the present bank of the Arkansas River.

In the warranty deed from the Citizens Savings Bank and Trust Company to R. E. Jeter, dated November 15, 1935, there was included with the description all the accretions thereto. Likewise, the accretions to said property was conveyed in quitclaim deed from R. E. Jeter and Willie H. Jeter, his wife, to Hudgens Jeter and W. S. Jeter.

By Commissioner's Deed from C. M. Nichol, as Commissioner in Chancery, there was a conveyance of the lands in dispute to the Board of Commissioners of No Fence District No. 2 of Jefferson County, Arkansas, July 20, 1938.

By redemption deed from No Fence District No. 2 of Jefferson County, Arkansas, the District gave a release, remise and quitclaim of said lands in dispute to R. E. Jeter on August 3, 1950, releasing all claims of said District for delinquent taxes for the years of 1929 and 1935.

The Court also finds there is a perpetual easement deed from R. E. Jeter and Willie H. Jeter, his wife, to Levee District No. 3 of Jefferson County, Arkansas, April 16, 1952, conveying perpetual right and easement to enter upon, excavate and borrow earth therefrom to construct and maintain a levee or levees on said lands above described, together with all accretions thereto.

The Court further finds that Modie D. Morgan became vested by warranty deed fom Vermont Savings Bank, November 19, 1938, conveying among other lands;

Lots 1, 2, 3 and all of Lot 4, except the West 36.38 acres thereof, of NW; and W ½ NE Section 18, and all accretions thereto.

and has had continuous possession since said date.

It is apparent that the accretions south of these described lands were included in the warranty deed from Vermont Savings Bank to Modie D. Morgan, which extends south of said property to the bank of the Arkansas River. The lands in dispute herein are adjacent to and west of the accretions to the above described Morgan property.

The Vermont Savings Bank also gave a quitclaim deed to Modie D. Morgan on May 28, 1965, purporting to convey the following described real property lying in Jefferson County, Arkansas:

"Being the Accretions to the west part of Lot 4, and all Lot 5 in N.W. one-quarter (¼) of 18–6S–6W."

Furthermore, Modie D. Morgan obtained what is described as an Emerged Land Deed No. 48 under the provisions of Act 203 of 1945, and Act 126 of 1953, June 9, 1965, to the lands involved in this dispute.

There were attempted conveyances involving the accretions to these properties from Modie D. Morgan and Ora Mae Morgan, his wife, to R. W. Ratton, dated February 10, 1965, and a correction deed to said lands on September 17, 1965, correcting conveyances in a previous deed inadvertently conveyed and a further attempt at conveying said property back to Morgan February 16, 1966.

All purported conveyances as referred to herein are properly recorded in the

office of the Recorder of Jefferson County, Arkansas.

The Court further finds that the real estate taxes have been paid by Modie D. Morgan since 1939 on the following described real property lying in Jefferson County, Arkansas, to-wit:

Parcel No. 1004, described as: Accretions to the West part of Lot 4 and All of Lot 5 in the Northwest Quarter, Section 18, Township 6 South, Range 6 West (150 acres estimated).

The Court finds from the testimony that a fence existed for more than thirty years referred to as a "very old fence" from the levee to the river which is an extension south of the dividing line of the Jeter and Morgan properties in Lot 4. The levee is the south boundary of the undisputed property owned by defendants Jeters and Morgans described as Lot 4.

From a preponderance of the evidence defendants Jeters have had possession of and control of said accretion lands west of the "very old fence" from the levee to the river for approximately thirty years and that the defendants Morgans have had control of and possession of the accretion lands east of the "very old fence" from the levee to the river since approximately 1939.

From a preponderance of the evidence it appears that the defendants Jeters were not only vested by deed to the accretions south of their undisputed lands to the river by conveyance of a warranty deed from the Citizens Savings Bank and Trust Company, November 15, 1935, but through adverse possession during these years and until an attempted possession was undertaken by defendant Modie D. Morgan in 1965 when the need of the Government for these lands incident to the project became apparent.

## CONCLUSIONS OF LAW

This is a civil action brought by the United States of America at the request of the Secretary of the Army for the taking of property under power of eminent domain as authorized by Congress (46 Stat. 1421, 40 U.S.C. § 258a); (25 Stat. 94, 33 U.S.C. § 591); (39 Stat. 948, 33 U.S.C. § 701); (60 Stat. 634); and (Public Law 89–299, 79 Stat. 1096). Jurisdiction and authority is admitted by defendants.

██ It has long been the rule of law that accretions to lands on a navigable river belong to the owner of said lands, Warren v. Chambers, 25 Ark. 120, Mayor, Aldermen and Inhabitants of New Orleans v. United States, 10 Pet. 662, 9 L.Ed. 573, St. Louis, I. M. & S. Railway Co. v. Ramsey, 53 Ark. 314, 323, 13 S.W. 931, 8 L.R.A. 559. Accretion is the increase of real estate by the addition of portions of soil by gradual deposition through the operation of natural causes to that already in possession of the owner. St. Louis, I. M. & S. Railway Co. v. Ramsey, supra.

█ Arkansas law is applicable to this controversy. The General Assembly of the State of Arkansas provided procedures for the conveyance of lands such as involved in this dispute. (Act 203 of 1945.)

Cognizant of the decision of the Supreme Court of Arkansas in the Ramsey case, supra, the General Assembly of the State of Arkansas amended Act 203, supra, to clarify the intention of the legislature and to eliminate any question as to its intent. Section 1 of the amended Act provides that title to all lands which have heretofore formed, or may hereafter form in the beds of non-navigable lakes, or in abandoned river channels or beds, whether or not still navigable, which alluvium or reformed lands are above ordinary high-water mark, shall vest in the riparian owners to said lands, etc. Section 2 provides that the lands herein referred to shall include those lands heretofore emerged, or that may hereafter emerge by accretion, reliction, evaporation, drainage or otherwise from the beds

of lakes or from former navigable streams, etc. (Act 126 of 1953.)

Defendant Morgans further contend their right to the property under Section 37–102 [1] and Section 37–103 [2] of Ark. Stats.1947 Anno.

■ It is an established rule of Arkansas law that payment of taxes under these sections is equivalent to possession, if the property is not held adversely by another.

■ The doctrine of adverse possession was reannounced in Moore v. McHenry, 167 Ark. 483, 268 S.W. 858, as

"[w]here adverse possession is entered under color of title, the grantee in the instrument constituting color of title will be deemed in constructive possession of the entire body of land described in the instrument if in the actual adverse possession of any part thereof." Union Sawmill Co. v. Pagan, 175 Ark. 559, 563, 299 S.W. 1012, 1013.

The court further said:

"The appellees here, with only color of title, seek to acquire title by constructive adverse possession against the true owner of uninclosed and unimproved lands, who has continuously paid the taxes thereon each year since the time of his purchase thereof for more than seven years. The doctrine applicable here is that the true owner of wild and unimproved lands, who has continuously paid taxes thereon from the time he acquired title thereto and for more than seven years in succession, cannot be defeated of his title and right to the actual possession of his lands by one who merely claims title thereto under color of title and by only a constructive adverse possession. The general rule is that constructive possession follows the title and *can only be overcome or defeated by an actual possession adverse thereto.* * * *."
Union Sawmill Co. v. Pagan, supra.

■ In the instant dispute the prevailing testimony is that these lands were enclosed and in actual possession of the defendants Jeters for some thirty years or more adverse to defendants Morgans, who had paid taxes on these accretions along with accretions he held undisputed since 1939, and until 1965 at which time this dispute arose.

It, therefore, follows that the title to the property in dispute between these defendants should be quieted and confirmed with the defendants, Hudgens Jeter, Joy H. Jeter, W. S. Jeter and Betty W. Jeter, as against all others, and they should be awarded in full all damages found to be due from the United States of America by reason of the condemnation of said lands.

An order is being entered on this date in accordance with this opinion.

1. Ark.Stat. 37–102.—Uninproved [unimproved] and unenclosed land shall be deemed and held to be in possession of the person who pays the taxes thereon if he have color of title thereto, but no person shall be entitled to invoke the benefit of this act [section] unless he and those under whom he claims shall have paid such taxes for at least seven [7] years in succession, and not less than three [3] of such payments must be made subsequent to the passage of this act.

2. Ark.Stat. 37–103.—Payment of taxes on wild and unimproved land in this State by any person or his predecessor in title, for a period of fifteen [15] consecutive years (at least one of said payments being made after the passage of this act [section]), shall create a presumption of law that such person, or his predecessor in title, held color of title to said land prior to the first payment of taxes made as aforesaid, and that all such payments were made under color of title.